[S.F. No. 24952. July 5, 1988.]

JOSEPH CROUCHMAN, Petitioner, v.
THE SUPERIOR COURT OF SANTA CRUZ COUNTY,
Respondent;
EL DORADO INVESTORS, Real Party in Interest.

**COUNSEL**

Gary B. Wesley for Petitioner.

George Agnost, City Attorney (San Francisco), Harold J. McElhinny, Gayle J. Gribble and Morrison & Foerster as Amici Curiae on behalf of Petitioner.

No appearance for Respondent and for Real Party in Interest.

George Brunn as Amicus Curiae on belhalf of Respondent.

Thomas M. Cecil, Richard A. Elbrecht, Mary-Alice Coleman and John C. Lamb as Amici Curiae on belhalf of Real Party in Interest.

## OPINION

**LUCAS, C. J.** —We granted review to decide whether a defendant in a small claims action at law for money damages has a right to a jury trial in the de novo proceeding in superior court when he appeals from the small claims court judgment.[1] We conclude the Court of Appeal correctly held that the appealing defendant has no right to trial by jury.

### I. FACTS

Real party in interest,[2] defendant's former landlord, sued in small claims court for money due on the rental contract between it and defendant, and for damages for injury to the property rented to defendant. Possession of the property was not in issue; defendant had previously vacated the premises. After trial, the small claims court awarded real party $1,500 plus costs. Defendant appealed to the respondent superior court, to have the action "tried anew." (Code Civ. Proc., § 117.10; all further statutory references are to this code unless otherwise indicated.) He demanded a jury trial, which the superior court denied. Defendant then unsuccessfully petitioned the Court of Appeal for a writ of mandate to compel the superior court to grant

---

[1] Petitioner (hereafter defendant) does not assert he had a right to a jury in the original small claims court hearing. It has been assumed that there is no right to a jury in the original hearing, and that "to the extent a right to trial by jury exists, it is satisfied by a two-tiered procedure which affords a jury trial in the de novo proceeding in superior court." (*Maldonado* v. *Superior Court* (1984) 162 Cal.App.3d 1259, 1266, fn. 9 [209 Cal.Rptr. 199]; see *Capital Traction Co.* v. *Hof* (1899) 174 U.S. 1 [43 L.Ed. 873, 19 S.Ct. 580]; Comment, *Courts: Jurisdiction of Small-Claims Courts* (1923) 11 Cal.L.Rev. 276, 279; Comment, *The California Small Claims Court* (1964) 52 Cal.L.Rev. 876, 881.) As the Court of Appeal here aptly stated, "In this proceeding we are called upon to assess the validity of this last assumption under California law."

[2] Real party in interest, El Dorado Investors, did not participate in the proceedings in the Court of Appeal or before this court.

him a jury trial. We granted review and retransferred the matter to the Court of Appeal, citing *Maldonado v. Superior Court, supra,* 162 Cal.App.3d 1259. The Court of Appeal again denied defendant's petition for writ of mandate, holding that defendant had no right to trial by jury in his de novo appeal.

## II. ANALYSIS

### A. *Small Claims Procedure*

Each justice and municipal court in the state includes a small claims division (§ 116, subd. (a)), which has jurisdiction over claims for the recovery of money when the amount of the demand does not exceed $1,500. (§ 116.2, subd. (a).) The Legislature created small claims courts to provide an accessible judicial forum for the resolution of disputes involving small amounts of money in "an expeditious, inexpensive, and fair manner." (§ 116.1.)

The statutory scheme governing small claims court provides for simplified, informal procedures. (§§ 116-117.41.) "The chief characteristics of [small claims court] proceedings are that there are no attorneys, no pleadings and no legal rules of evidence; there are no juries, and no formal findings are made on the issues presented. At the hearings the presentation of evidence may be sharply curtailed, and the proceedings are often terminated in a short space of time. The awards—although made in accordance with substantive law—are often based on the application of common sense; and the spirit of compromise and conciliation attends the proceedings." (*Sanderson v. Niemann* (1941) 17 Cal.2d 563, 573 [110 P.2d 1025].) Attorneys are prohibited from representing litigants in small claims court.[3] (§ 117.4.) The small claims court judge may permit the parties to offer evidence by witnesses outside of the hearing, and may "consult witnesses informally and otherwise investigate the controversy." (§ 117, subd. (a).) The judge is authorized to "give judgment and make such orders" as he "deems to be just and equitable for disposition of the controversy." *(Ibid.)*

The plaintiff in a small claims action has no right to appeal. (§ 117.8, subd. (a).) The defendant may appeal to the superior court (§ 117.8., subd. (b)) for a trial de novo. (§ 117.10.) This right is limited in that "if the defendant seeks any affirmative relief by way of a claim in the small claims

---

[3] This deprivation of assistance of counsel has been held not to deny the litigants due process: the plaintiff has waived such assistance by his choice of forum, and the defendant's right is protected because he may retain a lawyer for the appeal. (*Prudential Ins. Co. v. Small Claims Court* (1946) 76 Cal.App.2d 379, 381-384 [173 P.2d 38, 167 A.L.R. 820]; cf. *ante,* p. 1170, fn. 1.)

court, he shall not have the right to appeal from the judgment on the claim." (§ 117.8, subd. (b).) The superior court judgment is not appealable. (§ 117.12.)

Section 117.10 directs the Judicial Council to "prescribe by rule the practice and procedure" to be followed in appeals to the superior court in small claims cases. The Judicial Council has accordingly promulgated California Rules of Court, rules 151-158, governing small claims appeals. Under these rules, the trial de novo "shall be conducted informally as provided in Code of Civil Procedure section 117 except that attorneys may participate. No tentative decision or statement of decision shall be required." (Cal. Rules of Court, rule 155.)

### B. *Right to Jury in Trial De Novo*

#### 1. *Small Claims Statute Does Not Provide for Jury Trial.*

The Legislature's emphasis on informal and expeditious proceedings makes it clear that it did not contemplate a jury trial in small claims court itself. Indeed, defendant does not dispute this point. (See *ante,* p. 1170, fn. 1.) As to the procedure on appeal, no provision of the applicable statute or court rules makes any reference to a jury in the superior court trial de novo.

Amici curiae in support of real party in interest and respondent[4] argue that the Legislature intended that jury trials should not be held in small claims appeals. We conclude that they are correct. The governing statutes and rules do not appear to contemplate a jury trial on appeal. First, as stated, the Legislature has never expressly provided for a jury trial in the small claims appeal, although it has the power and ability to do so. (See, e.g., § 1141.20, subd. (b), providing that after judicial *arbitration,* "[a]ny party may elect to have a de novo trial, *by court or jury,* both as to law and facts." [Italics added.])

Second, a jury trial would be manifestly inconsistent with the informal procedures required to be observed on appeal, such as the provision that "[t]he judge may consult witnesses informally and otherwise investigate the controversy," (§ 117, subd. (a)), and the inapplicability of the formal rules of evidence. Section 904.5, within the title governing civil appeals, explicitly states: "Appeals from the small claims court of a municipal court and of a justice court shall be governed by the provisions of Chapter 5A (commencing with Section 116), Title 1, Part 1 of this code." This section thus refers

---

[4] Amicus curiae briefs were submitted by the California Department of Consumer Affairs, and by Hon. George Brunn, a retired municipal court judge.

back to the Small Claims Court statute, including section 117.10, which gives authority to the Judicial Council to prescribe by rule the procedure in small claims appeals. As mentioned above, rule 155 of the California Rules of Court states that section 117 (providing for informal hearing and disposition of small claims actions, allowing the judge to investigate claims independently, etc.) applies to appeals to superior court in small claims cases. In sum, it is apparent that the scheme created by statute and rules requires the superior court trial de novo to be conducted pursuant to the same summary procedures as govern the small claims court itself (except that attorneys may participate). It follows that there is no right to a jury trial at any point in a small claims proceeding under the small claims statute and rules.

### 2. There Is No Statutory or Constitutional Right to Jury Trial on Appeal From Small Claims Court.

■ Defendant argues that regardless of the legislative intent underlying the small claims statute, the state Constitution (art. I, § 16)[5] and section 592 (generally guaranteeing a trial by jury in legal actions), afford him the right to a jury trial in his appeal. The Court of Appeal concluded defendant has no right to a jury in the trial de novo under either section 592 or the state Constitution. Upon careful consideration of the issue, we conclude that the Court of Appeal was correct. Accordingly, we adopt the following portion of Justice Agliano's opinion for the Court of Appeal in this case, with modifications as indicated:[6]

Article I, section 16, of the California Constitution provides in pertinent part that "[t]rial by jury is an inviolate right and shall be secured to all . . . ." This constitutional right to jury trial "is the right as it existed at common law in 1850, when the Constitution was first adopted, 'and what that right is, is a purely historical question, a fact which is to be ascertained like any other social, political or legal fact.' [Citations.]" (*C & K Engineering Contractors* v. *Amber Steel Co.* (1978) 23 Cal.3d 1, 8-9 [151 Cal.Rptr. 323, 587 P.2d 1136]; cf. *People* v. *One 1941 Chevrolet Coupe* (1951) 37

---

[5] "Trial by jury is an inviolate right and shall be secured to all, but in a civil cause three-fourths of the jury may render a verdict. . . . In a civil cause a jury may be waived by the consent of the parties expressed as prescribed by statute." (Cal. Const., art. I, § 16.)

Compare the Seventh Amendment of the United States Constitution: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." The federal constitutional provision applies only to trials in the federal courts, and not to state court trials. (*Minneapolis & St. Louis Railroad Co.* v. *Bombolis* (1916) 241 U.S. 211 [60 L.Ed. 961, 36 S.Ct. 595]; *Walker* v. *Sauvinet* (1876) 92 U.S. 90 [23 L.Ed. 678].)

[6] Brackets together, in this manner [ ], are used to indicate deletions from the Court of Appeal's opinion; brackets enclosing material (other than the editor's parallel citations), unless otherwise indicated, denote insertions or additions. (*Estate of McDill* (1975) 14 Cal.3d 831, 834 [122 Cal.Rptr. 754, 537 P.2d 874].)

Cal.2d 283, 286-287 [231 P.2d 832].) "The common law at the time the Constitution was adopted includes not only the *lex non scripta* but also the written statutes enacted by Parliament." (*Id.,* at p. 287.) "As a general proposition, '[T]he jury trial is a matter of right in a civil action at law, but not in equity.' [Citations.]" (*C & K Engineering Contractors* v. *Amber Steel Co., supra,* 23 Cal.3d 1, 8.) But if a proceeding otherwise identifiable in some sense as a "civil action at law" did not entail a right to jury trial under the common law of 1850, then the modern California counterpart of that proceeding will not entail a *constitutional* right to trial by jury. (Cf. *People* v. *One 1941 Chevrolet Coupe, supra,* 37 Cal.2d 283, 298; *People* v. *Frangadakis* (1960) 184 Cal.App.2d 540, 545-546 [7 Cal.Rptr. 776].) And of course there will be no *constitutional* right to jury trial in special proceedings unknown to the common law of 1850. *(Perry Farms, Inc.* v. *Agricultural Labor Relations Bd.* (1978) 86 Cal.App.3d 448, 464-465 [150 Cal.Rptr. 495]; *County of Sacramento* v. *Superior Court* (1974) 42 Cal.App.3d 135, 139-140 [116 Cal.Rptr. 602].)

The statute on which [defendant] relies is Code of Civil Procedure section 592, which provides in pertinent part that "[i]n actions for the recovery of specific, real, or personal property, with or without damages, or for money claimed as due upon contract, or as damages for breach of contract, or for injuries, an issue of fact must be tried by a jury, unless a jury trial is waived, or a reference is ordered, as provided in this code. . . . In other cases, issues of fact must be tried by the Court" with provisos not relevant here. The 1873-74 amendment by which section 592 was put into its present form "was evidently framed with a view of adopting the principle . . . that the constitutional guaranty of the right to jury trial . . . applies only to common law actions and that it does not confer such right with respect to any action as to which it did not previously exist." (*Vallejo etc. R.R. Co.* v. *Reed Orchard Co.* (1915) 169 Cal. 545, 556 [147 P. 238].) [Thus, section 592, like the constitutional provision, is historically based, and does not expand the jury trial right beyond its common law scope. (See *C & K Engineering, supra,* 23 Cal.3d at p. 9 [citing § 592 and finding no right to jury trial under historical test]; see also, *Pomeroy* v. *Collins* (1926) 198 Cal. 46, 70 [243 P. 657] ["the rule is well established in this state that it is not error to deny a jury in any cases where such right was not granted at common law"]; *County of Sacramento* v. *Superior Court, supra,* 42 Cal.App.3d 135, 139-140.)]

[Defendant]'s argument is straightforward. He contends that [real party's] action is for money claimed due upon the rental contract and for injuries to property, and thus that it comes within the plain language of section 592, and that in any event these claims were historically the subjects of actions at law to which the constitutional guaranty would directly apply.

[]

[The right to jury trial in the de novo appeal in a small claims action does not turn on the *legal* nature of the claim. Instead, our analysis under both section 592 and the constitutional guarantee in this case must turn on a more basic historical analysis. Our state Constitution essentially *preserves* the right to a jury in those actions in which there was a right to a jury trial at common law at the time the Constitution was first adopted. (*C & K Engineering, supra,* 23 Cal.3d at pp. 8-9.) Thus, the scope of the constitutional right to jury trial depends on the provisions for jury trial at common law. The historical analysis of the common law right to jury often relies on the traditional distinction between courts at law, in which a jury sat, and courts of equity, in which there was no jury. When analyzing whether there is a constitutional entitlement to a jury in a small claims case, however, we must look beyond the legal/equitable dichotomy, because that distinction was irrelevant, at common law, to the provision of a jury for a small monetary claim.

[Historical inquiry reveals that there were various special juryless small claims tribunals in England and the American colonies, territories, and states, many of them well established before the adoption of our state Constitution. (See Pound, Organization of Courts (1940) pp. 150-156, 245-246.) Significantly, in the years preceding 1850, a litigant in a special small claims proceeding was not necessarily entitled to a jury even if the claim at issue was legal and could alternatively have been brought in a common law court and heard by a jury. (See Barrett, *The Constitutional Right to Jury Trial: A Historical Exception for Small Monetary Claims* (1987) 39 Hastings L.J. 125, 154.) Under the English system, "when remedies were available simultaneously in both tribunals [i.e., the common law court and a special small claims tribunal], the prevailing practice not only permitted summary relief in the juryless small claims tribunals but strongly encouraged it: in some jurisdictions there were laws expressly penalizing the litigant who persisted in seeking the common law procedure for a small monetary claim. The very purpose of small claims courts was to provide the kind of relief the common law courts provided—money judgments—through a procedure simplified to accommodate the small amount-in-controversy." (*Ibid.,* fn. omitted.)]

[Thus,] [t]he small claims court concept is by no means new: A concern that access to courts of general jurisdiction was beyond the means of poor plaintiffs with small claims can be tracked back in English legal history at least to the fifteenth century. (Cf. 1 Holdsworth, A History of English Law (7th ed. 1956) pp. 186-187.) "The establishment of small claims courts was intended to provide speedy, inexpensive, and informal disposition of small

actions through simple proceedings conducted with an eye toward compromise and conciliation. The court was to be designed particularly to help the 'poor' litigant. An informal court procedure was thought to reduce expense and delay 'in cases involving small amounts and often no real issue of law.' Further, it was believed that by securing justice to ordinary citizens in small cases, the integrity of our judicial system would be meaningfully demonstrated. [¶] The small claims movement led to the statutory creation of a small debt court in London in 1606. In 1846, the new county courts were created in England to provide speedy and informal disposition of small causes." ([Comment], *The California Small Claims Court, supra,* 52 Cal.L.Rev. 876, 876-877 [fns. omitted].) In the new county courts as they existed in 1850 by virtue of the Act of 1846, there was no right to trial by jury if the amount at issue was five pounds or less, and there appears to have been no right of appeal at all. (Cf. 1 Holdsworth, *supra,* p. 192.) [ ] [(See also Barrett, *supra,* 39 Hastings L.J. at p. 143 ["Nor was there any right to a jury on appeal from the new county courts, since there was no appeal in any case involving less than twenty pounds." (fn. omitted)]; Pound, *supra,* at p. 269 [Noting that "[a]t one time or another legislation has forbidden any appeal where the sum or property in controversy did not exceed some small fixed amount or value," and suggesting that the preferable solution with regard to review of small claims court judgments is "to provide an appeal as simple, speedy, and inexpensive as the original proceeding . . . ."].)

[As summarized by Professor Barrett, "[D]uring the seventeenth, eighteenth, and nineteenth centuries an understanding existed both in England and in many of the American colonies and territories that special provisions could and should be made to resolve small monetary claims without the right to a jury at any stage of the proceedings. These provisions were needed to provide practical, useful remedies for persons with very small claims. Under the historical test for the extent of the state constitutional right to jury, this early practice of resolving small claims without a jury would justify comparable juryless procedures today." (Barrett, *supra,* at p. 151.)[7]

[The Iowa Supreme Court recently relied on this common law exception to the right to jury trial for small monetary claims to hold that its state

---

[7] [In *People* v. *Oppenheimer* (1974) 42 Cal.App.3d Supp. 4 [116 Cal.Rptr. 795], the court addressed an analogous issue in the criminal context. The defendant in that case argued the state Constitution guaranteed him a right to jury trial on a charge that he had violated Vehicle Code section 21453, an infraction. The court, "[c]onfining [its] inquiry . . . to the 'purely historical question' posed by *People* v. *One 1941 Chevrolet Coupe, supra,* 37 Cal.2d at page 287, and applying the English common law as it existed in 1850," found that under the common law of the relevant period it was "clear that offenses of the same class as those now classified as infractions by the Vehicle Code were triable by courts sitting without juries." (*Id.,* at p. Supp. 10.) Therefore, the defendant had no state constitutional right to a jury at his infraction trial. Thus, the English common law determined that certain matters, criminal and civil both, were minor enough to warrant a trial by the court alone, with no right to a jury.]

constitutional jury trial guaranty did not require a jury in small claims proceedings. (*Iowa Nat. Mut. Ins. Co.* v. *Mitchell* (1981) 305 N.W.2d 724.) The Iowa court cited the "seldom-noted distinction at common law related to the amount of the claim: '[¶] It had been a well established practice in England, and in our colonial times, that actions for small demands were triable before certain officers having a limited jurisdiction, without a jury . . . . The sum of forty shillings was fixed upon, then and for many years subsequently, as the dividing line between what was petty and insignificant, and what was of importance in point of value.' J. Proffatt, *A Treatise on Trial By Jury* § 99, at 142 (1877)." (*Id.,* at p. 727.) The court concluded, "If the basic Iowa law is rooted in English common law, then the constitutional direction that 'the right of trial by jury shall remain inviolate' carries with it the *common-law concept that minor claims may be adjudicated without a jury.*" (*Ibid.,* italics added.)]

The principle established by the English common law as it existed in 1850 was that small claims, as legislatively defined within limits reasonably related to the value of money and the cost of litigation in the contemporary economy, were to be resolved expeditiously, without a jury and without recourse to appeal.

We do not attempt to determine whether five British pounds of 1850 are the equivalent of $1,500 in today's economy. [ ] In any event, the amount in controversy is not the issue here. [Defendant]'s contention is the same whether the small claims jurisdictional sum is $1 or $1,500. ■ [We note, however, that the Legislature's power to raise the small claims court jurisdictional amount is limited by constitutional parameters, and any attempt to raise the small claims limit to a level which could no longer be considered a very small monetary amount, would probably necessitate a re-evaluation of whether a jury trial is constitutionally required for the de novo appeal. (See James & Hazard, Civil Procedure (3d ed. 1985) § 8.2, p. 417.) We find the current small claims ceiling to be a reasonable legislative enactment to allow claimants with small monetary demands to resolve their cases expeditiously, while preserving the defendant's right to jury trial, as historically defined. The $1,500 limit falls comfortably within the constitutional guidelines.]

[Finally, defendant] argues that it is not clear that the Act of 1846 should be considered in defining the common law right to trial by jury as it existed in 1850, and that "[i]f there are any decisions of [our court] which hold that English statutes enacted just prior to adoption of our Constitution in 1849 were incorporated into the jury trial guarantee, those decisions should not be followed. Recent acts of a legislature on the other side of the world were surely known to neither the framers of our Constitution nor the people who

voted for ratification." ■ His arguments are not so persuasive as to warrant a departure from our [ ] unqualified and long-accepted rule that the common law of 1850 includes "the written statutes enacted by Parliament." (*People* v. *One 1941 Chevrolet Coupe, supra,* 37 Cal.2d 283, 287[, citing *Moore* v. *Purse Seine Net* (1941) 18 Cal.2d 835, 838 [118 P.2d 1] ("It is well established in California that the common law of England includes not only the *lex non scripta* but also the written statutes enacted by Parliament.")].)

[We emphasize also that the small claims exception to the right to jury trial did not originate with the 1846 statute. The parliamentary act of 1846, rather than establishing a new concept, simply "continue[d] the tradition of denying a jury in suits for very small amounts." (Barrett, *supra,* 39 Hastings L.J. at p. 142.) Thus, "throughout the period relevant to our present inquiry, England had a system of small claims courts to resolve small monetary disputes without recourse to a jury at any point in the proceedings." (Id., at p. 144.) (See also *Leuschen* v. *Small Claims Court* (1923) 191 Cal. 133, 134-136 [215 P. 391] [tracing the history of the small claims court movement from English statutes of the 17th and 18th centuries].)]

[ ]

■ Finding neither a right to jury trial in comparable proceedings under English common law in 1850, nor express statutory provision for jury trial on appeal from a California small claims judgment, we conclude that [defendant] has neither a constitutional nor a statutory right to jury trial in this proceeding.

[3. *Previous Court of Appeal Opinions Are Distinguishable.*]

■ [Defendant] relies on two published [ ] Court of Appeal decisions which have held a small claims defendant entitled to a jury trial on de novo appeal. Respondent [superior] court apparently concluded that the authority of the earlier of the two (*Smith* v. *Superior Court* (1979) 93 Cal.App.3d 977, 979 [156 Cal.Rptr. 149]) had been vitiated by a subsequent amendment to rule 155, California Rules of Court. The later of the two is *Maldonado* v. *Superior Court, supra,* 162 Cal.App.3d 1259, decided after respondent court ruled [ ].

Rule 155, on which *Smith* appears to have turned, is predicated on the provision of [ ] section 117.10 that "[t]he Judicial Council shall prescribe by rule the practice and procedure on appeal . . . ." Between 1977 and January 1, 1983, rule 155 provided that trial de novo "shall be conducted pursuant to law and rules in all respects as other trials in the superior court

except that no written findings of fact or conclusions of law shall be required."

*Smith* was decided in 1979. It was a small claims action brought by the Department of Transportation against motorist Smith for damage Smith had allegedly done to a road sign. The Department of Transportation won; Smith appealed and demanded a jury; his request was denied. Smith sought a writ and the Court of Appeal granted it, citing both the California Constitution (cf. also *Hebert* v. *Harn* (1982) 133 Cal.App.3d 465, 469 [184 Cal.Rptr. 83]) and [ ] section 592, but apparently relying primarily on the language of rule 155: "The Judicial Council rule provides that a trial on an appeal from a small claims court '. . . shall be conducted pursuant to law and rules in all respects as other trials in the superior court . . . .' (Cal. Rules of Court, rule 155.) Such rule provides for a jury in 'other trials' involving the subject matter of the case before us. It follows that petitioner is entitled to a jury." (*Smith* v. *Superior Court, supra,* 93 Cal.App.3d 977, 979.)

In support of the conclusion reached in *Smith* it might be assumed that section 117.10 effected a valid delegation of legislative power to declare a right to jury trial and that rule 155, as it then read, constituted such a declaration. But as of January 1, 1983, rule 155 was amended to provide that trials de novo "shall be conducted informally as provided in Code of Civil Procedure section 117 except that attorneys may participate. No tentative decision or statement of decision shall be required." The patent intent of the Judicial Council was to rescind any implicit declaration of similarity between de novo appeals and ordinary superior court trials. [Thus, to the extent that the *Smith* opinion was based on the former California Rules of Court, rule 155, it is no longer viable. To the extent that *Smith* is otherwise inconsistent with our opinion herein, it is hereby disapproved.]

■ *Maldonado, [supra,* 162 Cal.App.3d 1259,] was decided at the end of 1984. Maldonado was the defendant in an unlawful detainer action in small claims court. ([ ]§ 116.2, subd. (c).) The plaintiff prevailed in the small claims court; Maldonado appealed. On trial de novo Maldonado demanded a jury trial which was denied. The Court of Appeal granted Maldonado's writ petition "on statutory grounds limited to new trials on appeal from an unlawful detainer small claims action." (*Maldonado, supra,* 162 Cal.App.3d at p. 1262.) The Court of Appeal expressed "no opinion whether the same right is required in trials de novo on appeal in general." (*Id.,* at p. 1268, fn. 13.) The superior court had concluded (as respondent court in this action apparently has) that *Smith* was vitiated by the change in rule 155. [(*Id.,* at p. 1265.)] The [*Maldonado* court] did not consider itself bound by changes in the language of the rule. (*Id.,* at pp. 1265-1266.) [It] concluded that

Maldonado's constitutional argument need not be reached, because her argument that she was entitled to a jury by virtue of [ ] sections 1171 (unlawful detainer) and 592 "is dispositive herein." (*Id.,* at p. 1266.) In the [*Maldonado*] court's view both sections plainly established an unlawful detainer defendant's right to a jury trial on de novo appeal from an adverse small claims judgment. (*Id.,* at pp. 1266-1268.) Responding to the superior court's "somewhat heuristic concerns respecting the burden jury trials may place upon the court system and upon small claims plaintiffs . . ." (*id.,* at p. 1268), the [*Maldonado* court] concluded that "[w]hile it may prove burdensome for some claimants, the plaintiff's interest in an expeditious disposition cannot outweigh the defendant's right to trial by jury in a proceeding to evict her from her home." (*Id.,* at p. 1269.)

On the facts before us we have no occasion to question the validity of the *Maldonado* court's conclusion that sections 1171 and 592 entitle a small claims defendant to a jury trial on appeal from an unlawful detainer judgment. [ ] [W]e agree with the *Maldonado* court that its holding should be strictly limited to the fact situation to which it was addressed. Finding no constitutional or statutory basis for a similar holding in the circumstances before us, we conclude that petitioner is not entitled to a jury trial [in his appeal in superior court.] [End of Court of Appeal opinion.]

### III. CONCLUSION

We agree with the Court of Appeal that defendant has no right to jury trial, on appeal to the superior court from the judgment of the small claims court, under either the state Constitution or state statutes.

The judgment of the Court of Appeal denying the writ of mandate is affirmed.

Mosk, J., Broussard, J., Arguelles, J., Eagleson, J., Kaufman, J. and Racanelli (John T.), J.,* concurred.

On September 1, 1988, the opinion was modified to read as printed above.

---

* Presiding Justice, Court of Appeal, First Appellate District, Division One, assigned by the Chairperson of the Judicial Council.