[No. C004118. Third Dist. May 15, 1989.]

COUNTY OF BUTTE et al., Petitioners, v.
THE SUPERIOR COURT OF BUTTE COUNTY, Respondent;
RICHARD FILIPOWICZ, Real Party in Interest.

COUNSEL

Michael L. Ramsey, District Attorney, Howard W. Abbott, Chief Deputy District Attorney, Daniel G. Montgomery and Carroll A. Ragland, Deputy District Attorneys, for Petitioners.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Laurence K. Sullivan, Josanna Berkow, Deputy Attorneys General, Gerald F. Sevier, District Attorney (Tulare), Gary H. Evans and John S. Higgins, Jr., Deputy District Attorneys, as Amici Curiae on behalf of Petitioners.

No appearance for Respondent.

Steven Mark Stapleton for Real Party in Interest.

OPINION

BLEASE, Acting P. J.—Petitioner County of Butte (County), on behalf of Brian S., a minor, filed this action against real party in interest, Richard Filipowicz, to establish paternity and to obtain reimbursement for public assistance paid by County on behalf of minor. (Welf. & Inst. Code,

§ 11350.1; Civ. Code, § 248.)[1] Filipowicz denied paternity and requested a jury trial on the issue. The County challenged the request. The trial court ruled that, although no constitutional right to a jury trial exists in a paternity action, a statutory jury trial right arises under Code of Civil Procedure section 592.

The County filed a petition for writ of prohibition directing the superior court to refrain from holding a jury trial. Pursuant to an order from the Supreme Court directing us to do so, we issued an alternative writ. The sole contention raised here is whether Code of Civil Procedure section 592 provides for a jury trial as a matter of right in a paternity action arising from a county's claim for reimbursement for public assistance payments to the minor under Welfare and Institutions Code section 11350. We conclude it does not.

## DISCUSSION

This court recently held in *County of El Dorado* v. *Schneider* (1987) 191 Cal.App.3d 1263 [237 Cal.Rptr. 51] that there is no constitutional right to a jury trial in an action under Welfare and Institutions Code section 11350 to determine paternity, following the putative father's refusal to submit to a blood test (Evid. Code, § 892). ■ The right to a jury trial under article I, section 16 of the California Constitution is measured by the common law of England as it existed at the time of the adoption of the California Constitution in 1850. (See *People* v. *One 1941 Chevrolet Coupe* (1951) 37 Cal.2d 283, 286-287 [231 P.2d 832]; see also *Crouchman* v. *Superior Court* (1988) 45 Cal.3d 1167, 1173 [248 Cal.Rptr. 626, 755 P.2d 1075].)

---

[1] At the time this action was filed, Welfare and Institutions Code section 11350.1 provided in pertinent part: "Notwithstanding the provisions of any other statute, in any action brought by the district attorney for child support of a minor child or children, the action may be prosecuted in the name of the county on behalf of the child, children or caretaker parent. The mother shall not be a necessary party in such action but may be subpoenaed as a witness. In an action under this section there shall be no joinder of actions, or coordination of actions, or cross complaints, and the issue shall be limited strictly to the question of paternity, if applicable, and the child support. . . . [¶] . . . Nothing herein contained shall be construed to prevent the parties from bringing an independent action under the Family Law Act or otherwise, and litigating the issue of support."

A parent's duty to provide support for a child arises under Civil Code section 196a. That section further provides: "A civil suit to enforce such obligations may be maintained in behalf of a minor child, and in such action the court shall have power to order and enforce performance thereof, the same as in a suit for dissolution of marriage."

The Uniform Civil Liability for Support Act (Civ. Code, §§ 241-254) provides reimbursement rights to a county which has furnished support to a child. Civil Code section 248 provides in pertinent part: " . . . Whenever the county furnishes support to an obligee ['any person to whom a duty of support is owed' (Civ. Code, § 241, subd. (c))], it has the same right as the obligee to whom the support was furnished, for the purpose of securing reimbursement and of obtaining continuing support. . . ."

We concluded that the common law of England at such time did not provide for a jury trial in an action to determine paternity incident to securing support for a child from its nonmarital father. After noting that the common law at the time the California Constitution was adopted includes " 'not only the *lex non scripta* but also the written statutes enacted by Parliament' " (*Schneider,* at p. 1278, quoting *People* v. *One 1941 Chevrolet Coupe, supra,* 37 Cal.2d at p. 287), we traced the acts of Parliament relating to a reputed father's support obligations for a nonmarital child from the 1576 "Poor Law" ("An Act for Setting the Poor on Work"; 18 Eliz. I, ch. 3, § 2), to its 1844 amendment, and to the Bastardy Act of 1845 (8 & 9 Vict. ch. 10, § 6; see 2 Halsbury's Statutes of England (2d ed. 1948). (*Schneider, supra,* at pp. 1279-1280). We observed that the 1844 and 1845 enactments "expressly provided that evidence as to paternity would be heard by Justices of the Peace sitting at Petty Session, or, if an appeal were taken, by Justices of the Peace sitting in Quarter Session." (*Id.,* at p. 1279; fns. omitted.)

Filipowicz does not challenge the *Schneider* holding or its reasoning. ■ He claims that Code of Civil Procedure section 592 provides a statutory right to a jury trial of greater scope than the constitution. He relies upon a dictum in *Schneider,* relating to the case of *Kyne* v. *Kyne* (1940) 38 Cal.App.2d 122 [100 P.2d 806], in which it was concluded that paternity was a legal issue to be tried to a jury while the amount of support should be tried to a court. *Schneider,* after noting that the *Kyne* court did not articulate the legal basis of the jury trial right, speculated: "In the absence of any constitutional discussion in the case, we will presume *Kyne* located its jury trial right in a statute, presumably Code of Civil Procedure section 592, a conclusion with which we have no occasion to disagree in this case." (191 Cal.App.3d at p. 1281.) This speculation is not only dictum, but is an admittedly unanalyzed assumption. *Kyne* makes no mention of Code of Civil Procedure section 592. We thus turn to that statute.

Code of Civil Procedure section 592 provides: "In actions for the recovery of specific, real, or personal property, with or without damages, or for money claimed as due upon contract, or as damages for breach of contract, or for injuries, an issue of fact must be tried by a jury, unless a jury trial is waived, or a reference is ordered, as provided in this code. Where in these cases there are issues both of law and fact, the issues of law must be first disposed of. In other cases, issues of fact must be tried by the court, subject to its power to order any such issue to be tried by a jury, or to be referred to a referee, as provided in this code."

As originally enacted in 1872, Code of Civil Procedure section 592 provided generally that "[a]n issue of fact must be tried by a jury, unless a jury

trial is waived, or a reference is ordered, as provided in this Code. Where in these cases there are issues both of law and fact, the issue of law must be first disposed of." The section was amended to provide as it presently does in 1874 (Code Amends. 1873-1874, ch. 383, § 74, p. 310). The amendment has been viewed as "adopting the principle . . . that the constitutional guaranty of the right to jury trial, in [former] section 7, of article 1, applies only to common law actions and that it does not confer such right with respect to any action as to which it did not previously exist." (*Vallejo etc. R & R Co.* v. *Reed Orchard Co.* (1915) 169 Cal. 545, 556 [147 P. 238].) For that reason, according to the recent case of *Crouchman* v. *Superior Court, supra,* 45 Cal.3d at page 1174, relying on *Vallejo,* "section 592, like the constitutional provision, is historically based, and does not expand the jury trial right beyond its common law scope." Thus Filipowicz cannot prevail on his section 592 claim for the reasons set forth in *Schneider.*

Although neither *Crouchman* nor *Vallejo* relied upon, nor for that matter examined, the language of Code of Civil Procedure section 592, it is of no aid to Filipowicz. He argues that the Welfare and Institutions Code section 11350 action "is essentially one for the recovery of money" and that therefore Code of Civil Procedure section 592 provides a jury trial right. He fails to acknowledge, however, the qualifying language in the statute. It provides for a jury trial in actions only "for money claimed as due upon contract . . . ." No contract is involved here.

Filipowicz also argues that this action is a "claim grounded in debt" and, as such, is a legal action which at common law warranted a jury trial. He contends that a jury trial is authorized by Code of Civil Procedure section 592 for any action which at common law was legal as opposed to equitable. That distinction, however, is not the sole criterion of an action to which was historically appended a jury trial right. (See *Crouchman, supra,* 45 Cal.3d at p. 1175.) Lastly, Filipowicz fails to tell us and we do not discern what language in section 592 authorizes a jury trial for every action which at common law would be "a claim grounded in debt."

DISPOSITION

Code of Civil Procedure section 592 does not provide a jury trial as a matter of right in a paternity action arising under Welfare and Institutions Code section 11350. We therefore will grant the writ of prohibition directing the superior court to deny Filipowicz's jury trial request insofar as it is

sought as a matter of right. The alternative writ, having served its purpose, is discharged.

Marler, J., and Scotland, J., concurred.