RICCIARDULLI, J.
*60 INTRODUCTION
In the published portion of this opinion, we hold there is a right to a jury trial in an unlawful detainer action on the affirmative defense of breach of the warranty of habitability. The trial court erred in denying the demand for a jury trial by defendants Charles Chiazor and Hyacinth Pascascio and in conducting a court trial. Accordingly, we reverse the judgment in favor of plaintiff Phillip Guttman.
[[/]]**
FACTUAL AND PROCEDURAL BACKGROUND REGARDING 2015 ACTION
The unlawful detainer action at issue here was filed on March 12, 2015, with plaintiff alleging defendants failed to pay rent in March 2015. Plaintiff requested possession of the defendants' apartment unit, forfeiture of the rental agreement, past due rent, and damages.
On March 17, 2015, defendants filed a joint answer denying allegations in the complaint, including that a three-day notice to pay rent or quit was properly served and the complaint's stated fair rental value of the apartment. The answer also asserted several affirmative defenses. With regard to plaintiff's breach of the warranty of habitability, defendants checked the box in the form answer which stated, "The amount of rent demanded in the notice, and/or the daily rental value demanded in the complaint, is excessive because landlord has failed to provide a tenantable dwelling as follows, of which the landlord had actual and/or constructive notice and which are listed by way of example and not limitation."
Defendants proceeded to check the following boxes: "Damp/leaking ceiling/walls"; "Hole(s) in walls/floor/carpet"; "Falling plaster/peeling paint"; "Lack of/inadequate heat"; "Lack of/inadequate hot water"; "Missing/torn window screens"; "Missing/broken windows"; "Defective/leaking plumbing"; "Missing/broken *484 smoke detectors"; "Infestation of roaches/ rodents/insects/vermin"; "Common areas unclean"; "Defective electrical/wiring"; and "Mold."
Defendants also checked the boxes asserting: the existence of a rebuttable presumption that the lessor breached the warranty of habitability because the *61 conditions existed and were not abated for 60 days after lessor was given notice pursuant to Civil Code section 1942.3 ; the landlord was demanding rent in violation of Civil Code section 1942.4 because the apartment unit was uninhabitable and the conditions existed for at least 35 days after a public agency gave the landlord notice of the conditions; and "[a] substandard order was issued by a governmental agency with respect to the subject property."
Immediately prior to the start of trial, the parties told the court the only triable issue of fact would be the defense of breach of the warranty of habitability set forth in the answer. Plaintiff argued the court should conduct a trial without a jury. Plaintiff pointed out Code of Civil Procedure section 1174.2 stated that, in an unlawful detainer trial involving breach of the warranty of habitability, "the court shall determine whether a substantial breach of these obligations occurred" and judgment must be entered in favor of a landlord when "the court determines that there has been no substantial breach." (Italics added.) Plaintiff argued the reference to "the court" rather than "the jury" or "the trier of fact" meant there was no right to jury trial on the issue. Referencing Code of Civil Procedure section 1174.2, subdivision (d), defendants responded that the statute stated it was not "intended to deny the tenant the right to a trial by jury."
The court ruled there was no right to trial by jury on the warranty of habitability issue. Based on its ruling, a court trial was conducted. After considering witnesses called by plaintiff and defendant and numerous photographs and other exhibits, the court found a substantial breach of the warranty of habitability was not established. (Given our disposition, we omit a summary of the evidence presented at trial.) On September 16, 2015, the court entered judgment in favor of plaintiff, awarding him possession of the property, forfeiture of the rental agreement and back rent as damages.
DISCUSSION
The Issue
The California Supreme Court has held that, under the common law, a landlord has an implied duty to render residential premises habitable, and breach of the duty is a defense to an unlawful detainer action. ( Green v. Superior Court (1974) 10 Cal.3d 616, 619, 111 Cal.Rptr. 704, 517 P.2d 1168 ( Green )). Green found that an implied warranty of habitability in residential leases must be recognized based on "the expectations and demands of the contemporary landlord-tenant relationship and ... modern legal principles in *62 analogous fields." ( Id . at p. 620, 111 Cal.Rptr. 704, 517 P.2d 1168.) Green further found breach of the duty is a defense because "[p]ast California cases have established that a defendant in an unlawful detainer action may raise any affirmative defense which, if established, will preserve the tenant's possession of the premises. As ... a landlord's breach of a warranty of habitability directly relates to whether any rent is 'due and owing' by the tenant ... such breach may be determinative of whether the landlord or tenant is entitled to possession of the premises upon nonpayment of rent." ( Ibid . ) The defense was codified in Code of Civil Procedure section 1174.2 and Civil Code sections 1941 - 1942.5. *485 Defendants argue the court, by conducting a court trial over their objection, deprived them of their constitutional right to have a jury determine whether the conditions of their apartment rendered the premises uninhabitable, thus establishing the defense of breach of the warranty of habitability. Defendants point out the California Constitution provides for a right to trial by jury in civil cases ( Cal. Const., art. I, § 16 ); the right extends to civil cases like those in existence when the Constitution was adopted (citing People v. One 1941 Chevrolet Coupe (1951) 37 Cal.2d 283, 299-300, 231 P.2d 832 ); and unlawful detainer cases pertain to recovery of possession of property, an area of law wherein the right to a jury trial has long been recognized (citing, inter alia, Whitehead v. Shattuck (1891) 138 U.S. 146, 151, 11 S.Ct. 276, 34 L.Ed. 873 ). Defendants argue the right to jury trial should thus extend to factual issues in affirmative defenses. Plaintiff counters that the unlawful detainer statutes were enacted as "special proceedings" in 1872-22 years after the California Constitution was first adopted-and "there will be no constitutional right to jury trial in special proceedings unknown to the common law of 1850" (quoting Crouchman v. Superior Court (1988) 45 Cal.3d 1167, 1174, 248 Cal.Rptr. 626, 755 P.2d 1075, citing Perry Farms, Inc. v. Agricultural Labor Relations Bd. (1978) 86 Cal.App.3d 448, 464-465, 150 Cal.Rptr. 495 ).
We do not determine whether defendants had a constitutional right to jury trial, because we find they had a statutory right to a jury trial on the factual issue of whether they established a breach of the warranty of habitability. (See Loeffler v. Target Corp. (2014) 58 Cal.4th 1081, 1102, 171 Cal.Rptr.3d 189, 324 P.3d 50 [appellate court must "avoid resolving constitutional questions if the issue may be resolved on narrower grounds"].) As discussed below, Code of Civil Procedure section 1174.2, subdivisions (a) and (b), in setting forth the procedure which must be used in court in litigating whether a breach occurred, are ambiguous on whether a defendant has the right to a jury trial. Yet, the legislative intent pertaining to the statute is crystal clear on the question, i.e., the statute was not "intended to deny the tenant the right to a trial by jury." ( Code Civ. Proc., § 1174.2, subd. (d).)
*63 The Text of the Statute
We review de novo issues concerning statutory construction. ( Ceja v. Rudolph & Sletten, Inc. (2013) 56 Cal.4th 1113, 1119, 158 Cal.Rptr.3d 21, 302 P.3d 211.) "In doing so, we look first to the words of a statute, 'because they generally provide the most reliable indicator of legislative intent.' [Citation.] ... 'If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs.' [Citation.] 'Only when the statute's language is ambiguous or susceptible of more than one reasonable interpretation, may the court turn to extrinsic aids to assist in interpretation.' [Citation.]" ( Pineda v. Williams-Sonoma Stores, Inc. (2011) 51 Cal.4th 524, 529-530, 120 Cal.Rptr.3d 531, 246 P.3d 612.)
Code of Civil Procedure section 1174.2, subdivision (a), provides, "In an unlawful detainer proceeding involving residential premises after default in payment of rent and in which the tenant has raised as an affirmative defense a breach of the landlord's obligations under Section 1941 of the Civil Code or of any warranty of habitability, the court shall determine whether a substantial breach of these obligations has occurred. If the court finds that a substantial breach has occurred, the court (1) shall determine the reasonable rental value of the premises in its untenantable state to *486 the date of trial, (2) shall deny possession to the landlord and adjudge the tenant to be the prevailing party, conditioned upon the payment by the tenant of the rent that has accrued to the date of the trial as adjusted pursuant to this subdivision within a reasonable period of time not exceeding five days, from the date of the court's judgment or, if service of the court's judgment is made by mail, the payment shall be made within the time set forth in Section 1013, (3) may order the landlord to make repairs and correct the conditions which constitute a breach of the landlord's obligations, (4) shall order that the monthly rent be limited to the reasonable rental value of the premises as determined pursuant to this subdivision until repairs are completed, and (5) except as otherwise provided in subdivision (b), shall award the tenant costs and attorneys' fees if provided by, and pursuant to, any statute or the contract of the parties. If the court orders repairs or corrections, or both, pursuant to paragraph (3), the court's jurisdiction continues over the matter for the purpose of ensuring compliance. The court shall, however, award possession of the premises to the landlord if the tenant fails to pay all rent accrued to the date of trial, as determined due in the judgment, within the period prescribed by the court pursuant to this subdivision. The tenant shall, however, retain any rights conferred by Section 1174."
Code of Civil Procedure section 1174.2, subdivision (b), provides, "If the court determines that there has been no substantial breach of Section 1941 of the Civil Code or of any warranty of habitability by the landlord or if the *64 tenant fails to pay all rent accrued to the date of trial, as required by the court pursuant to subdivision (a), then judgment shall be entered in favor of the landlord, and the landlord shall be the prevailing party for the purposes of awarding costs or attorneys' fees pursuant to any statute or the contract of the parties." Code of Civil Procedure section 1174.2, subdivision (c), provides, "As used in this section, 'substantial breach' means the failure of the landlord to comply with applicable building and housing code standards which materially affect health and safety."
Plaintiff argues these subdivisions unambiguously provide "the court" must determine whether a substantial breach of the warranty of habitability occurred; "the court" must determine the reasonable rental value of the premises in its untenantable state if a breach was found and deny possession to the landlord; and if "the court" determines no substantial breach occurred or the tenant fails to pay all rent accrued, then judgment shall be entered in favor of the landlord. Plaintiff argues use of the words "the court" was meant to specify the court, not a jury , must make these determinations, and accordingly, a tenant has no right to trial by jury on the issues.
The words "the court" could be read as a term of art, referring to a court trial . However, they could also merely be a reference to the right to have the breach of the warranty of habitability tried in court .
A reading of the subdivisions depriving parties of the right to jury trial would be inconsistent with Code of Civil Procedure section 1171, a statute enacted within the chapter of the Code of Civil Procedure dealing with summary proceedings for obtaining possession of real property. This statute provides, "Whenever an issue of fact is presented by the pleadings, it must be tried by a jury, unless such jury be waived as in other cases. The jury shall be formed in the same manner as other trial juries in an action of the same jurisdictional classification in the Court in which the action is pending."
*487 An interpretation of "the court" that excludes the right to trial by jury would also carve out an exception to the general statute applicable to all civil cases involving the recovery of property. Code of Civil Procedure section 592 provides, in this regard, "In actions for the recovery of specific, real, or personal property, with or without damages, or for money claimed as due upon contract, or as damages for breach of contract, or for injuries, an issue of fact must be tried by a jury, unless a jury trial is waived ...." ( Code Civ. Proc., § 592.)
Most importantly, plaintiff's interpretation appears inconsistent with Code of Civil Procedure section 1174.2, subdivision (d). This subdivision provides in relevant part, with reference to the totality of *65 Code of Civil Procedure section 1174.2, "Nothing in this section is intended to deny the tenant the right to a trial by jury. ..."
Plaintiff argues Code of Civil Procedure section 1174.2, subdivision (d), does not render the reference to "the court" in Code of Civil Procedure section 1174.2, subdivisions (a) and (b), ambiguous. Plaintiff's position is that Code of Civil Procedure section 1174.2, subdivision (d), was meant to apply to the right to trial by jury regarding issues other than breach of the warranty of habitability, such as whether, pursuant to Code of Civil Procedure section 1161, a landlord proved his or her ownership of the property and proper service of a valid and accurate notice. Yet, there is nothing in the text of Code of Civil Procedure section 1174.2, subdivision (d), that cross-references Code of Civil Procedure section 1161 or limits its application in this manner. Further, its reference to "Nothing in this section " being intended to deny the right to trial by jury appears to contradict any notion that the subdivision was meant to apply to a different section. Moreover, this tortured reading of the provision would render it superfluous, as Code of Civil Procedure section 1171 provides for right to trial by jury for issues of fact in unlawful detainer cases. (See Wells v. One2One Learning Foundation (2006) 39 Cal.4th 1164, 1207, 48 Cal.Rptr.3d 108, 141 P.3d 225 ["interpretations which render any part of a statute superfluous are to be avoided"].)
Subdivisions (a) and (b) of Code of Civil Procedure section 1174.2 are thus not free from ambiguity. Our inquiry must therefore delve further.
The Legislative History
Because the issue at hand cannot be resolved by looking only to the language used by the statute, we consult other indicia of legislative intent. The legislative history of Code of Civil Procedure section 1174.2 is conclusively probative of the issue at hand. (See Doe v. City of Los Angeles (2007) 42 Cal.4th 531, 543, 67 Cal.Rptr.3d 330, 169 P.3d 559 [legislative history and background of statute may properly be examined to determine statute's intent]; In re J.W. (2002) 29 Cal.4th 200, 211, 126 Cal.Rptr.2d 897, 57 P.3d 363 ["[t]o determine the purpose of legislation, a court may consult contemporary legislative committee analyses of that legislation"].)
Code of Civil Procedure section 1174.2 was enacted in 1986, in substantially the same form-including its provisions that "the court" must determine breach of the warranty of habitability issues-in subdivisions (a) and (b). Code of Civil Procedure section 1174.2, subdivision (d), was added in 1988 pursuant to Assembly Bill No. 4213.
An analysis of this bill prepared by the Assembly Committee on the Judiciary commented, "The Western Center on Law and Poverty is the source *66 of this Bill. The Center states that CCP Section 1174.2 was enacted in 1986 [AB 3920 (Roos)-Chapter 805, Statutes of 1986] to clarify the rights *488 of landlords and tenants in unlawful detainer actions wherein tenants raise a breach of habitability standards as a defense. It further states that section 1174.2 'is being read by some courts so that tenants are not allowed to have a jury trial to determine factual issues regarding breach of habitability, which was not the intent of the author of [sic ] the sponsors' or [sic ] AB 3920. Therefore, it is argued, this bill is intended to 'clarify that a tenant who raises habitability as an affirmative defense has a right to a jury trial.' " (Assem. Com. on Judiciary, Analysis of Assem. Bill No. 4213 (1986-1988 Reg. Sess.) May 4, 1988, pp. 1-2.) The same comment regarding the source of the bill and its intent was quoted in the Assembly Concurrence in Senate Amendments report (Aug. 30, 1988, pp. 2-3), and in the final Enrolled Bill Report (Sept. 19, 1988, p. 1).
The bill analyses and reports indicate trial courts had interpreted Code of Civil Procedure section 1174.2, subdivisions (a) and (b), as depriving tenants of the right to trial by jury, and the Legislature sought a correction by adding Code of Civil Procedure section 1174.2, subdivision (d). The legislative history of the statute shows beyond peradventure Code of Civil Procedure section 1174.2 was not intended to deprive a litigant of the right to jury trial on factual issues regarding whether a substantial breach of the warranty of habitability occurred and, if so, the reasonable rental value of the premises in its untenantable state.
Prejudice
The parties in their appellate briefs appear to take the position that, if this court were to find defendants were denied their right to a jury trial, the result should be an automatic reversal. Deprivation of the constitutional right to trial by jury, "is reversible error per se. [Citations.] No showing of actual prejudice is required." ( Martin v. County of L.A. (1996) 51 Cal.App.4th 688, 698, 59 Cal.Rptr.2d 303.) We determine depriving a defendant of the statutory right to trial by jury of the defense of breach of the warranty of habitability is likewise reversible per se.
Conducting harmless error analysis in the present context would be unworkable because, "where a case improperly is tried to the court rather than to a jury, there is no opportunity meaningfully to assess the outcome that would have ensued in the absence of the error." ( People v. Collins (2001) 26 Cal.4th 297, 313, 109 Cal.Rptr.2d 836, 27 P.3d 726.) To deprive a defendant of the right to trial by jury on the sole defense presented at an unlawful detainer trial, as was done here, is an error " ' "affecting the framework within which the trial proceeds, rather than simply an error in the trial process *67 itself." ' [Citation.]" ( People v. Blackburn (2015) 61 Cal.4th 1113, 1136, 191 Cal.Rptr.3d 458, 354 P.3d 268 ( Blackburn ) [deprivation of the statutory right to trial by jury in extending the involuntary commitment of a mentally disordered offender is reversible per se]; accord, Sandquist v. Lebo Automotive, Inc. (2016) 1 Cal.5th 233, 261, 205 Cal.Rptr.3d 359, 376 P.3d 506 [citing Blackburn in determining trial court's error in deciding dispute itself rather than by a contractually mandated arbitrator is one that "falls within that class requiring automatic reversal because its effects are " 'unmeasurable' " and " 'def[y] analysis by "harmless-error" standards' "].) Notwithstanding the particulars of the evidence presented in the court trial regarding breach of the warranty of habitability, denying defendants their statutory right to trial by jury requires reversal of the judgment. *489 DISPOSITION
The February 6, 2015 judgment, as corrected by the March 25, 2015 order, as well as the March 25, 2015 order itself discussed in the unpublished portions of this opinion, are affirmed. The September 16, 2015 judgment is reversed. Defendants to recover their costs on appeal.
We concur:
KUMAR, ACTING P. J.
RICHARDSON, J.

See footnote *, ante.