**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOSE LUIS FLORES JUAREZ,
                    *Petitioner,*

          v.

MICHAEL B. MUKASEY, Attorney
General,
                    *Respondent.*

No. 04-75717

Agency No.
A95-451-282

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 5, 2008*
Pasadena, California

Filed June 26, 2008

Before: Alex Kozinski, Chief Judge, Ruggero J. Aldisert**
and Carlos T. Bea, Circuit Judges.

Per Curiam Opinion

---

*The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

**COUNSEL**

Sung U. Park, Law Offices of Sung U. Park, Los Angeles, California, for the petitioner.

Peter D. Keisler, Assistant Attorney General; John C. Cunningham, Shelley R. Goad, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for the respondent.

**OPINION**

PER CURIAM:

Jose Luis Flores Juarez petitions for review of the Board of Immigration Appeals' order affirming the Immigration Judge's decision finding him removable and denying his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Flores Juarez, a native and citizen of Mexico, entered the United States in December 1988 without inspection or parole. The government initiated removal proceedings on July 24, 2002. Flores Juarez conceded he was removable and applied for cancellation of removal on June 16, 2003. The Immigration Judge ("IJ") denied his application for cancellation of removal, on the ground Flores Juarez was ineligible because he had been convicted of a crime involving moral turpitude, based on his prior convictions for petty theft.[1]

---

[1]The BIA summarily affirmed the IJ's decision without opinion; accordingly, we review the IJ's decision. *See Lanza v. Ashcroft*, 389 F.3d 917,

Under 8 U.S.C. § 1229b(b)(1), the Attorney General may cancel removal of, and adjust to the status of lawfully admitted, a removable alien if the alien:

(A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;

(B) has been a person of good moral character during such period;

(C) has not been convicted of an offense under section 1182(a)(2) [including crimes involving moral turpitude], 1227(a)(2), or 1227(a)(3) of this title, subject to paragraph (5); and

(D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

8 U.S.C. § 1229b(b)(1).

In 1989, Flores Juarez was convicted of three separate petty theft offenses in violation of California Penal Code §§ 484 and 488. Petty theft is a crime involving moral turpitude under 8 U.S.C. § 1182(a)(2)(A)(i)(I). *United States v. Esparza-Ponce*, 193 F.3d 1133, 1136-37 (9th Cir. 1999). Under 8 U.S.C. § 1229b(b)(1)(C), an alien is ineligible for cancellation of removal if he has been convicted of certain offenses, including a conviction of a crime involving moral turpitude under 8 U.S.C. § 1182(a)(2)(A)(i)(I).

---

925 (9th Cir. 2004). Flores Juarez's petition raises a question of statutory interpretation, which we review *de novo*. *See Gonzalez-Gonzalez v. Ashcroft*, 390 F.3d 649, 651 (9th Cir. 2004).

Flores Juarez contends the IJ erred when he determined Flores Juarez was ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(C) based on his convictions of a crime involving moral turpitude. According to the statutory reading Flores Juarez proposes, his convictions do not render him ineligible because they occurred before the start of a ten-year time period during which he was required to have been of good moral character to be eligible for cancellation of removal. Flores Juarez's contention contradicts the plain language of the statute.

[1] The continuous physical presence and good moral character requirements for cancellation of removal contain a ten-year time limit. *See* 8 U.S.C. § 1229b(b)(1)(A) (requiring continuous physical presence for a "period of not less than 10 years immediately preceding the date of such application"); *id*. § 1229b(b)(1)(B) (requiring "good moral character during such period"). In contrast, 8 U.S.C. § 1229b(b)(1)(C), which makes aliens who have committed certain offenses (including a crime involving moral turpitude) ineligible for cancellation of removal, does not place any temporal limitation on when the crime was committed.

[2] In other words, a person can be of good moral character for ten years before his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(B), yet have committed a crime involving moral turpitude more than ten years earlier, and therefore be ineligible for cancellation of removal. Accordingly, the IJ did not err when he determined Flores Juarez's petty theft convictions rendered him ineligible for cancellation of removal.

[3] Flores Juarez also claims the IJ violated his due process rights to a fair hearing because he did not allow Flores Juarez to present evidence that his removal would result in exceptional and extremely unusual hardship to his United States citizen children. The claim fails because Flores Juarez was statutorily ineligible for cancellation of removal. *See Lata v.*

*INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (holding petitioner must demonstrate error and substantial prejudice to prevail on a due process claim).

**PETITION DENIED.**