**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YOLANDA DEL CARMEN ACICON,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 07-70828<br><br>Agency No. A071-589-759<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 2, 2011
Pasadena, California

Before: NOONAN and WARDLAW, Circuit Judges, and KORMAN, Senior
District Judge.[**]

Yolanda Del Carmen Acicon, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' (BIA's) denial of her applications

for cancellation of removal under 8 U.S.C. § 1229b(b), special rule cancellation of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Edward R. Korman, Senior United States District
Judge, Eastern District of New York, sitting by designation.

removal as both a derivative and principal under the Nicaraguan and Central American Relief Act (NACARA), Pub. L. No. 105-100, 111 Stat. 2160, 2193-2201 (Nov. 19, 1997), *amended by* 972 Pub. L. No. 105-139, 111 Stat. 2644, 2644-45 (Dec. 2, 1997), asylum, and withholding of removal.[1] We lack jurisdiction over the BIA's determination that Acicon is not eligible as a derivative for NACARA relief. *See* IIRIRA § 309(c)(5)(C)(ii); *Lanuza v. Holder*, 597 F.3d 970, 972 (9th Cir. 2010). We have jurisdiction over Acicon's other claims pursuant to 8 U.S.C. § 1252. We deny the petition.

Acicon is statutorily ineligible for either cancellation of removal under 8 U.S.C. § 1229b(b) or special rule cancellation of removal under NACARA because, during the periods of good moral character required for each form of relief, she committed and was convicted of at least one crime of moral turpitude as defined by 8 U.S.C. § 1182(a)(2)(A). *See* 8 U.S.C. § 1101(f)(3), INA § 101(f)(3). Acicon committed petty theft on July 14, 1995, and was convicted on March 7, 1996 under California Penal Code § 484(a). She was then arrested for burglary on June 6, 2000, and was convicted on July 7, 2000 under California Penal Code

---

[1]Initially, Acicon also applied for protection under the Convention Against Torture, 8 C.F.R. §§ 1158 and 1231(b); and voluntary departure under INA § 240B(b), 8 U.S.C. § 1229c(b). She has not addressed either application in her petition, and so has waived both arguments.

§ 666 of two counts of petty theft with prior convictions. To be eligible for cancellation of removal under § 1229b(b), Acicon must establish that she was a person of good moral character during the ten-year period from February 2, 1997 through entry of the BIA's administrative decision on February 2, 2007. *See* 8 U.S.C. § 1229b(b)(1)(B); *In re Ortega-Cabrera*, 23 I. & N. Dec. 793, 797, 798 (BIA 2005). Acicon conceded removability under 8 U.S.C. § 1182(a)(6)(A)(i). To be eligible for special cancellation of removal under NACARA, she must therefore establish that she was a person of good moral character from September 15, 1990 through September 15, 2000. *See* 8 C.F.R. § 240.66(c)(3). Acicon's 2000 petty theft falls within both periods.[2]

We lack jurisdiction to consider Acicon's argument that petty theft is not a crime involving moral turpitude, because she did not raise that argument before either the immigration judge or the BIA. *See Kelava v. Gonzales*, 434 F.3d 1120, 1123 n.5 (9th Cir. 2006). Even if we had jurisdiction to consider this argument, it

---

[2]The ten-year period described in 8 C.F.R. § 240.66(c)(3) applies to aliens who are inadmissible under 8 U.S.C. § 1182(a)(2), INA § 212(a)(2). If Acicon is not inadmissible under this provision, then she must instead show that she was a person of good moral character for the seven years immediately preceding the date her application was filed. *See* 8 C.F.R. § 240.66(b). As discussed *infra*, however, Acicon is inadmissible under 8 U.S.C. § 1182(a)(2), INA § 212(a)(2), because she committed multiple crimes involving moral turpitude. Even if Acicon were not inadmissible, Acicon's 2000 petty theft would still fall within the relevant seven-year period of good moral character required under 8 C.F.R. § 240.66(b).

3

is clear under our case law that "[p]etty theft is a crime involving moral turpitude under 8 U.S.C. § 1182(a)(2)(A)(i)(I)." *Flores Juarez v. Mukasey*, 530 F.3d 1020, 1022 (9th Cir. 2008) (per curiam) (citing *United States v. Esparza-Ponce*, 193 F.3d 1133, 1136-37 (9th Cir. 1999)). Acicon does not qualify for the petty offense exception under 8 U.S.C. §1182(a)(2)(A)(ii) because that exception applies to aliens "who committed only one crime" and Acicon committed petty thefts in both 1996 and 2000. *See In re Deanda-Romo*, 23 I. & N. Dec. 597, 599 n.2 (BIA 2003).

Acicon's claim that the IJ violated her due process rights by failing to hold a "full and fair hearing" into her claims for NACARA relief fails because she is statutorily ineligible for such relief. *See Flores Juarez*, 530 F.3d at 1020 (citing *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000)).

The BIA's determination that Acicon is not entitled to asylum, because she did not suffer past persecution and has not shown a clear probability of persecution if returned to Guatemala, is supported by substantial evidence. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1022 (9th Cir. 2010); 8 U.S.C. § 1158(b)(1); 8 U.S.C. § 1101(a)(42)(A). While we accept Acicon's factual contentions as true, *see Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 (9th Cir. 2004), Acicon cannot identify the person who threatened harm in 1985 and 1986 unless her family left their village. *See, e.g. Nahrvani v. Gonzales*, 399 F.3d 1148, 1153 (9th Cir. 2005) (holding that

4

threats did not rise to the level of persecution where the threats "were anonymous, vague, and did not create a sense of immediate physical violence"). More importantly, Acicon herself testified that she and her family had no further problems once they left the village and relocated within Guatemala. *See, e.g.*, *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 999 (9th Cir. 2003); 8 C.F.R. § 208.13(b)(C)(B)(ii) ("An applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . if under all the circumstances it would be reasonable to expect the applicant to do so."). Acicon testified that her father was the one most directly threatened at the time, but she also testified that her mother, father, and siblings remain in Guatemala, apparently without problems. *See, e.g.*, *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001). Acicon did not suggest that either she or her family have been threatened since before they moved from their village in 1986.

As Acicon cannot establish a claim for asylum, her claim for withholding of removal fails as well. *See Tamang v. Holder,* 598 F.3d 1083, 1091 (9th Cir. 2010) (citing *Khunaverdiants v. Mukasey*, 548 F.3d 760, 767 (9th Cir. 2008)).

Acicon's petition is **DENIED**.

5