**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE MARIA ABURTO RUIZ, | No. 09-71194 |
| Petitioner, | Agency No. A096-345-281 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2011[**]
San Francisco, California

Before: HUG, SKOPIL, and BEEZER, Circuit Judges.

Jose Maria Aburto Ruiz ("Ruiz") is a native and citizen of Mexico, who

seeks cancellation of removal and/or voluntary departure. The immigration judge

("IJ") determined that Ruiz was statutorily ineligible for cancellation of removal

due to a 1997 conviction for attempted arson. The IJ also concluded that the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

conviction rendered Ruiz ineligible for voluntary departure, but made the alternative finding that, as a matter of discretion, Ruiz did not merit such relief. The Board of Immigration Appeals ("BIA") affirmed the IJ. We deny in part and dismiss in part Ruiz's petition for review.

Our jurisdiction is governed by 8 U.S.C. § 1252. We review Ruiz's statutory eligibility for relief from removal de novo. *See Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1126 n.7 (9th Cir. 2006) (en banc).

The facts are known to the parties; we do not repeat them.

We deny Ruiz's petition for review as to his cancellation of removal claim. Convictions of crimes involving moral turpitude render immigrants ineligible for cancellation of removal regardless of when they occur. *Florez Juarez v. Mukasey*, 530 F.3d 1020, 1022 (9th Cir. 2008) (finding that an individual with good moral character for the 10 year period before his removal proceeding is ineligible for cancellation of removal if he ever committed a crime involving moral turpitude). Arson, which is *not* a minor offense, "necessarily involves an 'act of baseness or depravity contrary to accepted moral standards'" and is thus a crime involving moral turpitude. *Rodriguez-Herrera v. INS*, 52 F.3d 238, 239 (9th Cir. 1995) (quoting *Grageda v. INS*, 12 F.3d 919, 921 (9th Cir. 1993)). That Ruiz was convicted of attempted arson is irrelevant because the statutory bar applies equally

2

to "a crime involving moral turpitude . . . or an attempt or conspiracy to commit such a crime." *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I).

Ruiz is not entitled to relief under 8 U.S.C. § 1182(h). Ruiz did not request such relief from the IJ, nor did he raise the issue in his Notice of Appeal to the BIA. As such, it was subject to summary dismissal. 8 C.F.R. § 1003.1(d)(i)(2)(A).

Although the IJ did not inform Ruiz of his ability to apply for such relief, due process does not require remand because the record before the IJ does not "raise[] a reasonable possibility of relief . . . under this provision." *United States v. Muro-Inclan*, 249 F.3d 1180, 1184 (9th Cir. 2001) (internal quotation marks omitted). Among other things, to garner relief under this provision, Ruiz must show that his adult daughter would suffer "great actual or perspective injury or extreme impact . . . beyond the common results of deportation." *United States v. Moriel-Luna*, 585 F.3d 1191, 1199 n.5 (9th Cir. 2009). Ruiz's claims of economic hardship are not sufficient to qualify him for relief. *See Muro-Inclan*, 249 F.3d at 1184 (noting "difficulties in having to move one's family elsewhere and anticipated difficulties in finding work . . . do not constitute extreme hardship").

We dismiss for lack of jurisdiction Ruiz's petition to review the BIA's discretionary refusal to grant him voluntary departure. *See Esquivel-Garcia v. Holder*, 593 F.3d 1025, 1030 (9th Cir. 2010). While we retain jurisdiction to

3

consider whether the IJ exhibited bias in violation of Ruiz's due process rights, *see*

*Reyes-Melendez v. INS*, 342 F.3d 1001, 1008 (9th Cir. 2003), we discern no

evidence of such bias or hostility toward Ruiz. The IJ did not "bar[] complete

chunks of oral testimony that would support the applicant's claims," and

"limitations [on the extent of some testimony] do not violate due process because

they serve to focus the proceedings and exclude irrelevant evidence." *Kerciku v.*

*INS*, 314 F.3d 913, 917-18 (9th Cir. 2003). The IJ may have expressed doubts as

to Ruiz's eligibility for voluntary departure, but he explicitly allowed Ruiz's

counsel to present evidence to preserve the record on that issue. As a result, Ruiz

received the fair hearing required by due process.

Essentially, Ruiz's argument is that the BIA erred when it did not exercise

its discretion in his favor, which is not a question that falls within our jurisdiction.

*Torres-Aguilar v. INS*, 246 F.3d 1267, 1270 (9th Cir. 2001).

DENIED in part and DISMISSED in part.