**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| RIGOBERTO VILLASENOR-SANCHEZ, a.k.a. Rigoberto Villasenor Sanchez, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-70957 <br><br> Agency No. A044-553-667 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Rigoberto Villasenor-Sanchez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo questions of law, *Salviejo-Fernandez v. Gonzales*, 455 F.3d 1063, 1066 (9th Cir. 2006), and we deny the petition for review.

The BIA correctly determined that Villasenor-Sanchez is ineligible for cancellation of removal because his criminal convictions in 1999 interrupted the accrual of the requisite seven years of continuous residence in the United States. *See* 8 U.S.C. § 1229a(a)(2), (d)(1)(B).

Contrary to Villasenor-Sanchez's contention, his 1999 conviction for petty theft, in violation of California Penal Code § 488, is a crime involving moral turpitude. *See Castillo-Cruz v. Holder*, 581 F.3d 1154, 1160 (9th Cir. 2009) (per curiam) ("Under California law, a conviction for grand theft or petty theft under Cal. Penal Code § 484 requires, in common with other crimes of moral turpitude, 'the specific intent to deprive the victim of his property permanently.'"); *Flores Juarez v. Mukasey*, 530 F.3d 1020, 1022 (9th Cir. 2008). Because he has been convicted of two crimes involving moral turpitude, he is unable to avail himself of the petty offense exception under 8 U.S.C. § 1182(a)(2)(A)(ii)(II).

**PETITION FOR REVIEW DENIED.**