**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| DEMOSTEHENES YU, a.k.a. Demosthenes Yu, | No. 10-73964 |
| Petitioner, | Agency No. A089-451-519 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Demostehenes Yu, a native and citizen of the Philippines, petitions for

review of an order of the Board of Immigration Appeals ("BIA") dismissing his

appeal from a decision of an immigration judge ("IJ") denying his application for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

special-rule cancellation of removal under the Violence Against Women Act of 1994 ("VAWA"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual determinations and review de novo questions of law. *Hernandez v. Ashcroft*, 345 F.3d 824, 832 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's determination that Yu failed to establish that he had been battered or subjected to extreme cruelty by his U.S.-citizen spouse, *see id.* at 840 (observing that "mere unkindness" does not qualify as extreme cruelty under VAWA's "extreme concept of domestic violence"), as is required to qualify for VAWA special-rule cancellation, *see* 8 U.S.C. § 1229b(b)(2)(A)(i)). Accordingly, Yu's contention that the agency violated his right to due process by denying his application for VAWA cancellation fails. *See Flores Juarez v. Mukasey*, 530 F.3d 1020, 1022 (9th Cir. 2008) (per curiam) (requiring a showing of error to prevail on a due process claim).

Because our review is limited to the BIA's decision, we do not consider Yu's challenges to the IJ's opinion to the extent that the BIA did not expressly adopt it. *See Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012) ("Where the BIA conducts its own review of the evidence and law . . . , our review is limited

10-73964

to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." (citation and internal quotation marks omitted)).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**