**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUGO JAVIER MONTANO BOJORQUEZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-71837 <br><br> Agency No. A200-569-954 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Hugo Javier Montano Bojorquez, a native and citizen of Mexico, petitions

pro se for review of an order of the Board of Immigration Appeals ("BIA")

dismissing his appeal from an immigration judge's decision denying his

application for cancellation of removal. We have jurisdiction under 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review de novo questions of law. *Camacho-Cruz v. Holder*, 621 F.3d 941, 942 n.1 (9th Cir. 2010). We deny the petition for review.

The BIA correctly determined that Montano Bojorquez's robbery conviction under California Penal Code § 211 is valid for immigration purposes. *See Planes v. Holder*, 652 F.3d 991, 995 n.5 (9th Cir. 2011) ("[A]n alien is subject to a 'conviction' where . . . the alien has entered a plea of guilty or nolo contendere . . . , [and] the judge [has] impose[d] some punishment, penalty, or restraint on liberty on the alien."); *United States v. Vidal*, 504 F.3d 1072, 1087 (9th Cir. 2007) (en banc) (observing that a *People v. West* plea constitutes a plea of nolo contendere). To the extent Montano Bojorquez argues that he did not commit the robbery, this challenge is not properly before us. *See Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2011) ("A petitioner may not collaterally attack his state court conviction on a petition for review of a BIA decision.").

The BIA also correctly determined that Montano Bojorquez's robbery conviction is categorically a conviction for a crime involving moral turpitude that renders him statutorily ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(C); *see also Mendoza v. Holder*, 623 F.3d 1299, 1300 (9th Cir. 2010) ("Robbery under California Penal Code section 211 is a crime involving moral turpitude . . . ."). Montano Bojorquez's related challenges to this

determination are unavailing. *See Delgado-Hernandez v. Holder*, 697 F.3d 1125, 1133 (9th Cir. 2012) (per curiam) (holding that the modified-categorical analysis is unnecessary where a state offense "categorically" matches the generic federal offense); *Flores Juarez v. Mukasey*, 530 F.3d 1020, 1022 (9th Cir. 2008) (per curiam) ("8 U.S.C. § 1229b(b)(1)(C) . . . does not place any temporal limitation on when the crime was committed.").

In light of this dispositive determination, the BIA did not need to consider the merits of Montano Bojorquez's hardship claim, and we need not reach Montano Bojorquez's remaining contentions. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." (citation omitted)).

We deny Montano Bojorquez's request for judicial notice of the extra-record information accompanying his reply brief. *See Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out-of-record evidence).

**PETITION FOR REVIEW DENIED.**