**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BELAN SANCHEZ-TREJO, a.k.a. Belen Sanchez-Trejo,<br><br>        Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>        Respondent. | No. 11-70880<br><br>Agency No. A088-502-347<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2014[**]

Before:    SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Belan Sanchez-Trejo, a native and citizen of Mexico, petitions for review of

an order of the Board of Immigration Appeals ("BIA") denying her motion to

remand and dismissing her appeal from a decision of an immigration judge ("IJ")

denying her applications for cancellation of removal, withholding of removal, and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Latter-Singh v. Holder*, 668 F.3d 1156, 1159 (9th Cir. 2012). We deny in part and dismiss in part the petition for review.

Our case law forecloses Sanchez-Trejo's contention that her offense of making criminal threats under California Penal Code § 422 does not categorically qualify as a crime involving moral turpitude. *See id.* at 1163 ("[W]e conclude that § 422 is categorically a crime involving moral turpitude."). Accordingly, the BIA correctly concluded that Sanchez-Trejo's conviction for this offense precludes her from establishing eligibility for cancellation of removal. *See Flores Juarez v. Mukasey*, 530 F.3d 1020, 1022 (9th Cir. 2008) ("Under 8 U.S.C. § 1229b(b)(1)(C), an alien is ineligible for cancellation of removal if he has been convicted of certain offenses, including a conviction of a crime involving moral turpitude under 8 U.S.C. § 1182(a)(2)(A)(i)(I).").

Sanchez-Trejo's related argument that her nolo contendere plea to this offense pursuant to *People v. West*, 477 P.2d 409 (Cal. 1970), precludes a categorical analysis of the statute of conviction is misplaced. *See Latter-Singh*, 668 F.3d at 1159 ("If the full range of conduct under the statute fits the definition

of a crime involving moral turpitude, then any conviction under the statute can subject an alien to removability.").

Sanchez-Trejo has waived any challenge to the BIA's dispositive determination that she is ineligible for withholding of removal in light of her admission that she has no fear of returning to Mexico. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("[W]e generally will not take up arguments not raised in an alien's opening brief before this court."). Therefore, we need not reach Sanchez-Trejo's challenge to the BIA's alternative determination that she did not adequately demonstrate membership in a particular social group. *See Mendez-Alcaraz v. Gonzales*, 464 F.3d 842, 844 (9th Cir. 2006) (declining to reach nondispositive challenges to a BIA order).

With regard to Sanchez-Trejo's request for CAT protection, the record belies her contention that the BIA erroneously considered in the first instance whether the record demonstrated that the Mexican government would acquiesce in her torture. *See Perez-Palafox v. Holder*, 744 F.3d 1138, 1146 (9th Cir. 2014) (identifying no impermissible factfinding by the BIA, where it "did not add any facts to those found by the IJ or ignore any facts found by the IJ"). Sanchez-Trejo has waived her related contention that the BIA misinterpreted the meaning of the term "acquiescence." *See Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007)

3                                                                          11-70880

("Issues raised in a brief that are not supported by argument are deemed abandoned.").

We lack jurisdiction to review Sanchez-Trejo's unexhausted contentions that the IJ applied an incorrect standard to her particular-social-group claim, failed to consider the applicable criteria for CAT, and ignored the bulk of her CAT evidence. *See Tijani*, 628 F.3d at 1080.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**