

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FERNANDO ZUNIGA, AKA Fernando Sanchez, | No. 13-72578 |
| Petitioner, | Agency No. A072-122-680 |
| v. | MEMORANDUM* |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 6, 2015**
Pasadena, California

Before: KLEINFELD, McKEOWN, and M. SMITH, Circuit Judges.

   Fernando Zuniga, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   **   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1

immigration judge's ("IJ") removal order. We have jurisdiction under 8 U.S.C. § 1252 and reviewing de novo, Latter–Singh v. Holder, 668 F.3d 1156, 1159 (9th Cir. 2012), deny the petition for review.

The BIA correctly determined that Zuniga is statutorily ineligible for cancellation of removal because his convictions for grand theft under California Penal Code § 487, United States v. Esparza-Ponce, 193 F.3d 1133, 1136–37 (9th Cir. 1999), and for petty theft with a prior under §§ 484 and 666, Castillo-Cruz v. Holder, 581 F.3d 1154, 1160 (9th Cir. 2009), are categorically crimes of moral turpitude. See 8 U.S.C. §§ 1182(a)(2)(A)(i)(I), 1229b(b)(1)(C).

Zuniga's argument that his grand theft conviction was more than thirteen years prior to his application for cancellation of removal is foreclosed by Flores Juarez v. Mukasey, 530 F.3d 1020, 1022 (9th Cir. 2008) (per curiam). Zuniga therefore does not qualify for the petty offenses exception because he has been convicted of more than one crime of moral turpitude. See 8 U.S.C. § 1182(a)(2)(A)(ii)(II).

Zuniga's claim that the IJ violated his due process rights because the IJ did not allow Zuniga to present evidence that his removal would result in hardship to his United States citizen children fails because Zuniga was statutorily ineligible for cancellation of removal. See Lata v. INS, 204 F.3d 1241, 1246 (9th Cir. 2000).

**PETITION DENIED.**