NOT FOR PUBLICATION

FILED

JUL 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO JAVIER GONZALEZ HERNANDEZ, | No. 21-1038 |
| Petitioner, | Agency No. A044-367-299 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2023**
Pasadena, California

Before: SANCHEZ and MENDOZA, Circuit Judges, and DONATO, District Judge.***

Francisco Javier Gonzalez Hernandez (Gonzalez Hernandez), a native and

citizen of Mexico, appeals the Board of Immigration Appeal's (BIA) decision

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

upholding the Immigration Judge's (IJ) determination that he is removable as charged and ineligible for cancellation of removal because his prior conviction under California Penal Code (CPC) § 508 is both a categorical crime involving moral turpitude (CIMT) and an aggravated felony offense. This Court has jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

1.     Gonzalez Hernandez argues that although he was convicted under California's embezzlement statute, the IJ and BIA (agency) should have conducted a CIMT analysis under California's indivisible theft statute because embezzlement, larceny, and false pretenses are alternative means of committing the single offense of theft. *See Lopez-Valencia v. Lynch*, 798 F.3d 863, 869, 871 (9th Cir. 2015); *People v. Vidana*, 1 Cal. 5th 632, 648 (2016). The Court need not resolve this question because the conviction constitutes a CIMT under either statute.

This Court has consistently held that a conviction for theft under CPC § 484 constitutes a CIMT. *Ballinas-Lucero v. Garland*, 44 F.4th 1169, 1173 (9th Cir. 2022); *Silva v. Garland*, 993 F.3d 705, 716–17 (9th Cir. 2021); *Castillo-Cruz v. Holder*, 581 F.3d 1154, 1160 (9th Cir. 2009); *Flores Juarez v. Mukasey*, 530 F.3d 1020, 1022 (9th Cir. 2008). And because embezzlement under CPC § 508 requires an intent to defraud, a conviction analyzed under this statute would necessarily constitute a CIMT. *See Jauregui-Cardenas v. Barr*, 946 F.3d 1116, 1120 (9th Cir. 2020) ("a state conviction qualifies as a fraudulent CIMT when the intent to

defraud is explicit in the statutory definition of the crime or implicit in the nature of the crime"); *People v. Sisuphan*, 181 Cal. App. 4th 800, 813 (2010) ("Fraudulent intent is an essential element of embezzlement.").

2.    Gonzalez Hernandez argues that his embezzlement conviction is not an aggravated felony because it does not match the definition of theft under 8 U.S.C. § 1101(a)(43)(G).  But the agency never made this finding.  Instead, the agency found that Gonzalez Hernandez's conviction matched the definition of a fraud offense under 8 U.S.C. § 1101(a)(43)(M).  Because Gonzalez Hernandez fails to address the actual federal provision the agency relied upon, we find this issue waived.  *See Turtle Island Restoration Network v. U.S. Dep't of Com.*, 672 F.3d 1160, 1166 n.8 (9th Cir. 2012).

3.    Finally, Gonzalez Hernandez argues that remand is warranted under *Pereida v. Wilkinson*, 141 S. Ct. 754 (2021) because he can now "establish eligibility for relief from removal through his testimony."  He fails to establish how his testimony would be relevant.  He does not contest that his victims suffered more than $10,000 in losses or that he was convicted of a theft-related offense under California law.  We therefore find remand unwarranted.

The motion for a stay of removal is denied as moot.  The temporary stay of removal remains in effect until issuance of the mandate.

**PETITION DENIED.**

21-1038