NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 5 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BOK YEO KIM, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 19-73037 Agency No. A078-014-209 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2026**
Pasadena, California

Before: GRABER, CLIFTON, and JOHNSTONE, Circuit Judges.

Bok Yeo Kim petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying her motion to reopen and reconsider her application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252, and we dismiss in part and deny in part the petition.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

When, as here, the BIA denies *sua sponte* reopening or reconsideration, we review the agency's decision "for the limited purpose of reviewing the reasoning behind the decision[] for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). Petitioner fails to identify any such legal or constitutional error.

1.  First, Petitioner argues that the BIA's decision is contrary to *Pereira v. Sessions*, in which the Supreme Court held that a notice to appear that does not specify the time or place of the noncitizen's removal hearing is defective and does not trigger the stop-time rule. 585 U.S. 198, 201–02 (2018); *see* 8 U.S.C. § 1229b(d)(1)(A). But the BIA's decision to deny *sua sponte* relief was not based on its interpretation of *Pereira*. The BIA explicitly observed that Petitioner's motion warranted denial "[e]ven assuming that *Pereira* represents a change in law indicating that the [Petitioner] has now accumulated the requisite period of continuous physical presence in this country." That is because, the BIA reasoned, her case did not warrant the exercise of discretionary authority in her favor, given her "serious criminal history," including a conviction under California law, as well as her lack of remorse and her unstable employment history.

Second, Petitioner argues that the BIA committed reversible legal error by taking into account her multiple arrests and one conviction that occurred more than a decade earlier. Petitioner's contention is that the relevant statute requires an

applicant for cancellation of removal to have been of good moral character for the preceding ten years, *see* § 1229b(b)(1)(B), but that the BIA unlawfully considered her earlier criminal history.

Although Petitioner focuses on the temporal limit on the good-moral-character requirement, there is no temporal limit on the separate requirement that a noncitizen not have been convicted of a crime involving moral turpitude, which is the requirement at issue here. *See* § 1229b(b)(1)(C); *see also* 8 U.S.C. §§ 1182(a)(2)(A)(i)(I), 1227(a)(2)(A)(i). Since "committ[ing] a crime involving moral turpitude more than ten years earlier" can render a noncitizen "ineligible for cancellation of removal," *Flores Juarez v. Mukasey*, 530 F.3d 1020, 1022 (9th Cir. 2008) (per curiam), the BIA did not commit legal error in considering Petitioner's criminal history from more than a decade earlier.

2.      The remainder of Petitioner's claims, including those alleging that the agency abused its discretion in denying *sua sponte* relief, are not reviewable by this court. Because we lack jurisdiction over those claims, that portion of the petition must be dismissed. *See Bonilla*, 840 F.3d at 586.

The temporary stay of removal (Dkt. 1) remains in place until the mandate issues. The stay of removal is otherwise denied.

**PETITION DISMISSED in part; DENIED in part**.