Opinion
DATO, P. J.
 Certain crimes, commonly known as “wobblers,” can be charged and/or prosecuted as either felonies or misdemeanors. (Pen. Code, § 17, subd. (b)(4) & (5).)[1] In this case we deal with what has been colloquially referred to as a “wobblette”—a crime that can be charged and/or prosecuted as either a misdemeanor or an infraction pursuant to sections 17, subdivision (d) (section 17(d)) and 19.8. The primary effects of reducing a potential felony to a misdemeanor are the saving of time and expense by limiting the possible penalty, and the benefits to the individual defendant of misdemeanor, rather than felony, treatment. (See Malone v. Superior Court (1975) 47 Cal.App.3d 313, 317 [120 Cal.Rptr. 851].) The effect of reducing a potential misdemeanor to an infraction can be more significant because certain procedural rights—the right to a jury trial and the right to appointed counsel—do not apply to infractions. Thus, section 17(d) makes clear that if a “wobblette” is charged as an infraction, “the defendant has the right to object and have the matter proceed as a misdemeanor.” (People v. Campbell (2002) 104 Cal.App.4th Supp. 1, 5 [129 Cal.Rptr.2d 601].) In particular, section 17(d)(1) mandates that the defendant be “informed of his or her rights” before deciding to go forward as charged or electing instead to have the matter proceed as a misdemeanor.[2]
In this case, defendant Garrett Smith was cited for being a minor in possession of an alcoholic beverage in violation of Business and Professions Code section 25662(a). Pursuant to section 19.8, this crime is a “wobblette.”[3] *Supp. 4 The citing officer did not take Smith into custody. Instead, he released him with a notice to appear, specifically stating that the violation was an infraction.
Smith complied with the notice and appeared in court without counsel on the date indicated for his arraignment. He was never advised of his right to elect to have the matter proceed as a misdemeanor. He was never advised that he had a right to a jury trial, or to appointed counsel if he could not afford a lawyer. Indeed, he was specifically advised that because the crime was an infraction, he had no right to trial by jury or to appointed counsel. Smith pled not guilty. Representing himself, he was convicted following a court trial.
This case thus presents an apparent issue of first impression: Where, as here, a defendant is charged with a “wobblette” as an infraction, must he be advised of his right to elect that the matter proceed as a misdemeanor? Perhaps more importantly, must he be advised that he has a right to a jury trial and appointed counsel if, but only if he elects to have his case proceed as a misdemeanor?
Focusing on the language of section 17(d)(1), the People argue there is no obligation to inform the defendant of his right to elect misdemeanor treatment. They contend that the Legislature’s use of the plural “rights” demonstrates that what a defendant must be informed of are his constitutional rights, and not his statutory right to elect a misdemeanor prosecution. To interpret the statute broadly to include both constitutional and statutory rights, they suggest, would be unworkable given the scope of statutory rights. Here, they assert, Smith was properly advised of his constitutional rights. He was not told of his right to appointed counsel or trial by jury because there are no such rights where the crime is charged as an infraction.
The People’s grammatical parsing of the statute loses sight of the forest for the trees. Because there is a temporal relation between the rights advisal and the defendant’s election—the defendant must make his election after being informed of his rights—the Legislature necessarily intended and assumed a cause and effect. Indeed, as the People candidly admit, “the Legislature probably intended that defendants understand they would give up those rights ¡Xjury trial and appointed counsel)] by proceeding with infraction prosecution.”
The fundamental flaw in the People’s argument is its assumption that Smith was properly advised of his constitutional rights. Although a defendant’s right to elect a misdemeanor prosecution may be of only statutory rather than constitutional magnitude, it has a profound impact on his constitutional rights. Here, Smith was told he had no constitutional right to trial by jury or *Supp. 5 to appointed counsel. That is inaccurate. Smith had a right to a jury trial and a right to appointed counsel if he elected to have the matter proceed as a misdemeanor. Because the scope of his constitutional rights depended on whether the case was prosecuted as a misdemeanor, his right to elect a misdemeanor prosecution was a necessary part of an accurate advisal regarding his constitutional rights.
Given the nature of the error and the fact that Smith was without the assistance of counsel, his failure to raise the issue in the trial court is unsurprising. Nor is it fatal to his claim. “A defendant is not precluded from raising for the first time on appeal a claim asserting the deprivation of certain fundamental, constitutional rights,” including the right to trial by jury. (People v. Vera (1997) 15 Cal.4th 269, 276 [62 Cal.Rptr.2d 754, 934 P.2d 1279].) Similarly, the failure to properly advise a defendant regarding the right to appointed counsel and the right to trial by jury affects the fundamental structural integrity of the trial process. (See People v. Kobrin (1995) 11 Cal.4th 416, 428 [45 Cal.Rptr.2d 895, 903 P.2d 1027].) Accordingly, the error requires reversal without a showing of prejudice. (In re Smiley (1967) 66 Cal.2d 606, 626 [58 Cal.Rptr. 579, 427 P.2d 179].)
The case is remanded to the trial court to allow Smith the opportunity to elect to have his case retried as a misdemeanor.[4]
Clarke, J., and Bruce-Lyle, J., concurred.

 All statutory references are to the Penal Code unless otherwise indicated.

 Subdivision (d) of section 17 provides: “A violation of any code section listed in Section 19.8 is an infraction . . . when: [f] (1) The prosecutor files a complaint charging the offense as an infraction unless the defendant, at the time he or she is arraigned, after being informed of his or her rights, elects to have the case proceed as a misdemeanor, or; []|] (2) The court, with the consent of the defendant, determines that the offense is an infraction in which event the case shall proceed as if the defendant had been arraigned on an infraction complaint.” (Italics added.)

 Section 19.8 provides in relevant part: “The following offenses are subject to subdivision (d) of Section 17: . . . Sections 21672, 25658.5, 25661, and 25662 of the Business and Professions Code . . . .”

 Smith waived appellate review of his discovery and Trombetta claims (see California v. Trombetta (1984) 467 U.S. 479 [81 L.Ed.2d 413, 104 S.Ct. 2528]) by failing to raise them in the trial court.