Filed 8/20/13

# TO BE PUBLISHED IN THE OFFICIAL REPORTS

This opinion has been certified for publication in the Official Reports. It is being sent to assist the Court of Appeal in deciding whether to order the case transferred to the court on the court's own motion under rules 8.1000-8.1018. (Cal. Rules of Court, rule 8.887(c)(2)(B).)

**SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SAN DIEGO
APPELLATE DIVISION**

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | App. Div. Case No. CA244004 **[LEAD CASE]** |
| Plaintiff/Respondent, vs. | Trial Court Case No. P680277 |
| LISA KUS, | |
| Defendant/Appellant. | |
| THE PEOPLE OF THE STATE OF CALIFORNIA, | App. Div. Case No. CA244005 |
| Plaintiff/Respondent, vs. | Trial Court Case No. P680009 |
| NILO LINS, | |
| Defendant/Appellant. | |

1

THE PEOPLE OF THE STATE OF CALIFORNIA,

        Plaintiff/Respondent,

vs.

JOHN SQUICCIARINI,

        Defendant/Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

App. Div. Case No.
CA244006

Trial Court Case No.
P637595

**OPINION IN APPEALS CA244004 [LEAD], CA244005, CA244006**

 

Appeal from the judgments entered by the Superior Court, County of San Diego, Timothy M. Casserly, Judge.

Affirmed.

Defendants and appellants, Lisa Kus, Nilo Lins and John Squicciarinia, each appeal from the judgment entered following their separate convictions, after bench trials, for illegal nudity on the beach. Given the similarity in their legal claims and arguments, as well as their representation by the same counsel, these cases were consolidated for appeal. Appellants contend on appeal that the trial court erred in reducing their initial misdemeanor charge to an infraction because it allegedly violated their right to jury trial under Article I, section 16 of the California Constitution.

## FACTS

Appellants were cited for illegal nudity on the San Onofre State Beach by an officer of the Department of Parks and Recreation as follows: on April 16, 2011, Appellant Nilo Lins was cited for lying on the beach without clothing, and on May 30, 2011, Appellants Lisa Kus and John Squicciarini were cited for removing their clothing while playing volleyball. Appellant Lins admitted to being nude and asked why the rangers were issuing citations if they were just going to be dismissed like his last citation had been dismissed. Both Appellants Kus and Squicciarini reportedly apologized for their nudity and asked for warnings rather than citations from the Department of Parks and Recreation officers.

-2-

California Code of Regulations, title 14, section 4322 prohibits nudity in California state parks, and provides in pertinent part: "No person shall appear nude while in any unit [of the State Parks System] except in authorized areas set aside for that purpose by the [d]epartment." The violation is punishable as a misdemeanor by Public Resources Code section 5008, subdivision (d). All appellants were cited and released, and have been consistently represented by retained counsel in the trial court and throughout the appellate process. Prior to trial, the prosecution moved to reduce each misdemeanor charge to an infraction, which Appellants opposed. The trial court granted each motion to reduce and on September 13, 2012, all three appellants were found guilty after separate bench trials and were each ordered to pay a reduced fine of $284.

## LEGAL ISSUE PRESENTED

Appellants object to the reduction of their misdemeanor charges to infractions even though the applicable statute, Public Resources Code section 5008, subdivision (d), provides that the misdemeanor charge may be reduced to an infraction by a judge on the recommendation of the prosecuting attorney without any input from a defendant. Appellants contend that the reduction of their charge from misdemeanor to infraction deprived them of their right to jury trial under Article I, section 16 of the California Constitution.

## DISCUSSION

There was no error in the trial court's reduction of Appellants' misdemeanor charges to infractions, and upon this reduction, the right to trial no longer existed.
A criminal defendant's right to a jury trial is derived from the common law and secured generally by the federal and state constitutions (5 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Criminal Trial, § 509, p. 797.). Under California's state constitution:

> **Trial by jury is an inviolate right and shall be secured to all,**
> …
> A jury may be waived in a criminal cause by the consent of both
> parties expressed in open court by the defendant and the defendant's
> counsel.
> …

> In criminal actions in which a felony is charged, the jury shall consist of 12 persons. In criminal actions in which a misdemeanor is charged, the jury shall consist of 12 persons or a lesser number agreed on by the parties in open court.

(Cal. Const., art. I, § 16.)  Appellants interpret this provision to grant them a right to a jury trial, which cannot be withdrawn absent their express advance approval.  This interpretation ignores the historical evolution of this right and its lawful construction by the California Legislature and its courts since its inception.

Criminal defendants maintain a right to jury trial in all misdemeanor and felony cases, but do not have that right in cases involving infractions.  An infraction is a relatively minor violation of law, which cannot result in imprisonment or loss of liberty, and as distinguished from a felony or a misdemeanor, does not result in the right of a jury trial. (See Pen. Code § 17; *Tracy v. Municipal Court* (1978) 22 Cal. 3d 760, 765-766.)

Penal Code section 19.6 provides:

> **An infraction is not punishable by imprisonment.  A person charged with an infraction shall not be entitled to a trial by jury.** A person charged with an infraction shall not be entitled to have the public defender or other counsel appointed at public expense to represent him or her unless he or she is arrested and not released on his or her written promise to appear, his or her own recognizance, or a deposit of bail.

(Emphasis added.)  Penal Code section 17 defines felonies, misdemeanors and infractions and also outlines the procedural mechanism for reducing certain misdemeanors  listed in Penal Code section 19.8 to infractions.  These delineated misdemeanors may be reduced when:

> (1) The prosecutor files a complaint charging the offense as an infraction unless the defendant, at the time he or she is arraigned, after being informed of his or her rights, elects to have the case proceed as a misdemeanor, or []

> (2) The court, with the consent of the defendant, determines that the offense is an infraction in which event the case shall proceed as if the defendant had been arraigned on an infraction complaint.

(Pen. Code, §17, subd. (d)(1) ,(2).)  However, the crime at issue in these appeals is punishable under Public Resources Code section 5800, subdivision (d) and the California Code of Regulations, title 14, section 4322, *not* Penal Code Section 17, subdivision (d).  Reviewing Penal Code section 19.8, the subject offense is not specifically listed nor is it "any other offense which the Legislature makes subject to subdivision (d) of Section 17." [1]

The nudity offense at issue is therefore not covered by the statutory procedures outlined in subdivision (d) of section 17 entitling a defendant to elect going forward on a misdemeanor (rather than an infraction) and requiring the consent of the defendant to reduce the charge to an infraction. Rather, Public Resources Code section 5008, subdivision (d) governs this offense and provides:

> **Any person who violates the rules and regulations protecting the state park system "is guilty of a misdemeanor** and upon conviction shall be punished by imprisonment in the county jail not exceeding 90 days, or by a fine not exceeding one thousand dollars ($1,000), or by both that fine and imprisonment, **except that at the time a particular action is commenced, the judge may, considering the recommendation of the prosecuting attorney, reduce the charged offense from a misdemeanor to an infraction.**  Any person convicted of the offense after such a reduction shall be punished by a fine of not less than ten dollars ($10) nor more than one thousand dollars ($1,000).

(Emphasis added.)  Appellants were cited and released on their written promises to appear and later on their own recognizance.  They were initially charged with misdemeanor offenses, but were never arrested and incarcerated.  The court then reduced their charges to infractions in accordance with the Public Resources Code after request by the prosecution.

Appellants were more specifically cited for violating 14 California Code of Regulations §4322, appearing nude in a state park.  The regulation states:

---

[1] Penal Code section 19.8, subdivision (a) provides:  "The following offenses are subject to subdivision (d) of Section 17: Sections 193.8, 330, 415, 485, 490.7, 555, 602.13, and 853.7 of this code; subdivision (c) of Section 532b, and subdivision (o) of Section 602 of this code; subdivision (b) of Section 25658 and Sections 21672, 25661, and 25662 of the Business and Professions Code; Section 27204 of the Government Code; subdivision (c) of Section 23109 and Sections 5201.1, 12500, 14601.1, 27150.1, 40508, and 42005 of the Vehicle Code, and *any other offense that the Legislature makes subject to subdivision (d) of Section 17*. Except where a lesser maximum fine is expressly provided for a violation of those sections, a violation that is an infraction is punishable by a fine not exceeding two hundred fifty dollars ($250)." (Emphasis added.)

No person shall appear nude while in any unit except in authorized areas set aside for that purpose by the Department. The word nude as used herein means unclothed or in such a state of undress as to expose any part or portion of the pubic or anal region or genitalia of any person or any portion of the breast at or below the areola thereof of any female person.

The Department of Parks and Recreation is charged with protecting the state park system and preserving the peace therein, and through its Director, the Department has the authority to designate any officer or employee as a "peace officer." (Pub. Resources Code, § 5008, subds. (a) & (b).) The primary duties of such state park peace officer are the enforcement of the rules governing state parks, and the powers of the state park peace officer are those conferred by law upon peace officers listed in Penal Code section 830.2. (Pub. Resources Code, § 5008, subd. (b).) The citing officers therefore had the same authority and power conferred upon all peace officers, and in accordance with Penal Code section 853.6, cited Appellants for the nudity offense and released them upon their promises to appear in court. The fact that Public Resources Code section 5800, subdivision (d) expressly allows the court to reduce a misdemeanor crime to an infraction does not entitle Appellants to elect to have the case proceed as a misdemeanor, nor does it entitle them to a jury trial. The right of a jury trial is recognized under the California Constitution for felony or misdemeanor crimes only (Cal. Const. art. I, § 16.), and upon reduction to an infraction such right to jury trial inherently ceases as unnecessary due to the minimal sanction involved.

Appellants correctly assert that under Penal Code section 17, subdivision (d), a defendant must consent to a reduction from a misdemeanor to an infraction. However, as previously explained, this statutory scheme is inapplicable to these Appellants as the misdemeanor nudity charge with which they were initially charged is not contained within Penal Code section 17, subdivision (d). The nudity offense is also not a "wobblette"— a "crime that can be charged and/or prosecuted as either a misdemeanor or an infraction pursuant to sections 17(d) and 19.8." (See *People v. Smith* (2012) 205 Cal. App.4th Supp.1, 3, holding a defendant should have been informed of his right to misdemeanor prosecution with right to jury trial and appointed counsel prior to his case proceeding as an infraction.) The court in *Smith* noted:

> Given the nature of the error and the fact that Smith was without the assistance of counsel, his failure to raise the issue in the trial court is unsurprising. Nor is it fatal to his claim. "A defendant is not precluded from raising for the first time on appeal a claim asserting the deprivation of certain fundamental, constitutional rights" including the right to trial by jury." [Citation.]  Similarly, the failure to properly advise a defendant regarding the right to appointed counsel and the right to trial by jury affects the fundamental structural integrity of the trial process. [Citation.] Accordingly, the error requires reversal without a showing of prejudice.

(*Id.* at p. 5.)  Smith is factually distinguishable from these cases in that Appellants had retained counsel and proceeded to trial on the infractions.  The evidence in each of the cases consisted of sworn testimony by officers with the Department of Parks and Recreation.  The elements of the offense were met and the evidence was not controverted.

Analogous to "wobblers" (felonies that may be reduced to misdemeanors), offenses known as "wobblettes" may be reduced to infractions upon consent of the defendant under Penal Code section 17, subdivision (d) , and misdemeanor crimes enumerated in Penal Code section 19.8 can likewise be reduced to infractions subject to the procedures in Penal Code section  17, subdivision (d).  Notably, the Legislature has not amended the procedures in Penal Code section 17, subdivision (d) to include wobblettes *not enumerated in Penal Code section 19.8*, nor has it amended Public Resources Code section 5800, subdivision (d).  Consequently, a violation under Public Resources Code section 5800, subdivision (d) does not afford a defendant any election, nor does it require  a defendant's consent prior to the reduction of the misdemeanor to an infraction after advisement of rights as set forth in Penal Code section 17, subdivision (d)(1) and (2).   Instead the Legislature has clearly chosen to make only certain crimes subject to the provisions of 17 (d) while identifying others, such as the crime here, which are not.[2]

---

[2] See for example the following statutory provisions, which provide for reductions to infractions but do not reference Penal Code section 17, subdivision (d):  sections 12000, 120002.1, and 12155.5 of the Fish and Game Code, section 10786 of the Food and Agricultural Code section 11375 and section 122335, subdivision (d) of the Health and Safety Code, sections 33211.6 and 41955 of the Public Resources Code, and section 14601.5 of the Vehicle Code.

Public Resources Code section 5800, subdivision (d) is not an unconstitutional limitation on Appellants' right to a jury trial under the California Constitution[3]. The right to jury trial must be considered in light of its history.

> "'Our state Constitution essentially *preserves* the right to a jury in those actions in which there was a right to a jury trial at common law at the time the Constitution was first adopted. … Thus, the scope of the constitutional right to jury trial depends on the provisions for jury trial at common law. The historical analysis of the common law right to jury often relies on the traditional distinction between courts at law, in which a jury sat, and courts of equity, in which there was no jury. When analyzing whether there is a constitutional entitlement to a jury in a small claims case, however, we must look beyond the legal/equitable dichotomy, because that distinction was irrelevant, at common law, to the provision of a jury for a small monetary claim.'"

(7 Witkin, Cal. Procedure (5th ed. 2008) Trial, § 80, p. 15 and pp. 105-107, citing *Crouchman v. Superior Court* 45 Cal. 3d 1175 [no right to jury trial upon small claims appeal].)

Witkin further notes that "'during the seventeenth, eighteenth, and nineteenth centuries, an understanding existed both in England and in many of the American colonies and territories that special provisions could and should be made to resolve small monetary claims without the right to a jury at any stage of the proceedings. These provisions were needed to provide practical, useful remedies for persons with very small claims. Under the historical test for the extent of the state constitutional right to jury, this early practice of resolving small claims without a jury would justify comparable juryless procedures today.'" (*Ibid.*, citing *Crouchman, supra,* 45 Cal. 3d at p. 1176.) Thus, as to small claims cases, Witkin explains that "' [t]he principle established by the English common law as it existed in 1850 was that small claims, as legislatively defined within limits reasonably related to the value of money and the cost of litigation in the contemporary economy, were to be resolved expeditiously, without a jury and without recourse to appeal.'" (*Ibid.*, citing

---

[3] Appellants' arguments are limited to the California Constitution. Similarly, the federal Constitution does not afford defendants charged with minor crimes the right to a jury trial, even those involving up to six months of incarceration. (See, e.g., 7 Witkin, Summary of Cal. Law (10th ed., 2005), Constitutional Law, § 213, p.352 citing *Duncan v. Louisiana* (1968) 391 U.S. 145; see also, *People v. Anderson* (1987) 191 Cal.App.3d 207, 216 ["The high court has ruled that the federal constitutional right to jury trial, which applies to state criminal prosecutions, … applies only to 'serious' offenses; 'petty' offenses are tried by the court." A former statutory six-month dividing line "has become standardized."]

*Crouchman*, *supra*, 45 Cal.3d at p. 1177.)  Just as in "small" monetary disputes where no right to jury trial arose, there is no historical right to a jury in "small" public offenses categorized as infractions.  Appellants' insistence on the existence of an absolute right to jury trial is not supported by common law, legal history, or the applicable statutes.

There was no error by the trial court, and the judgments are affirmed.

CERTIFIED FOR PUBLICATION.

_____
YVONNE E. CAMPOS
Judge, Appellate Division

We concur:


KERRY WELLS
Presiding Judge, Appellate Division

GALE E. KANESHIRO
Judge, Appellate Division

Attorney for Appellant       Attorney(s) for Respondent

R. Allen Baylis         Bonnie Dumanis, District Attorney, and
                Shari Lawson, Deputy District Attorney