Filed 4/23/14  P. v. Hanania CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>HANNA IBRAHIM HANANIA,<br><br>        Defendant and Appellant. | A139713<br><br>(Sonoma County<br>Super. Ct. No. SCR617755) |

## I. INTRODUCTION

After a court trial at which appellant appeared in pro per, he was found guilty of an infraction, i.e., violating a section of the Petaluma Municipal Code, and was fined $950.  The Appellate Division of the Sonoma County Superior Court affirmed that conviction, but then certified two issues to this court for review pursuant to California Rules of Court, rule 8.1005.  We will detail and address those questions below, but our answers to them result in an affirmance of the trial court's judgment.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On April 12, 2012, appellant was driving his car on Baywood Road near the Baywood Apartments in Petaluma.  As he was doing so, he approached a marked police car blocking traffic on that street because of a fire in the apartments.  Appellant drove around the marked car, crossed double yellow lines, thus now driving on the wrong side of the road, and in so doing came upon Petaluma Police Officer Lance Novello.  Novello was directing vehicles away from the fire and tried to do so with appellant and his car, but appellant continued driving toward Novello before stopping.  Novello asked appellant

to turn around, but the latter declined to do so. Rather, he made demands of the officer (e.g., "Call your supervisor!") and, per an audio recording received into evidence, clearly did so in a very aggressive manner. He also refused to follow several orders from Officer Novello to show his driver's license.

Appellant was then arrested for obstruction of justice.

On May 2, 2012, the Sonoma County District Attorney filed a misdemeanor complaint charging appellant with one count of obstructing a peace officer in performance of his duties. (Pen. Code, § 148, subd. (a)(1).) The following month, the District Attorney amended the complaint to add a misdemeanor charge of violating Petaluma Municipal Code section 11.12.030, alleging a failure to comply with the lawful order of a police officer.

After a four-day jury trial, the jury hung and the trial court declared a mistrial on both counts. The case was continued to June 19, 2012, for resetting. However, on that date, the District Attorney moved, and the trial court granted, leave to amend the complaint to change count 2, the count charging a violation of the Petaluma Municipal Code, to an infraction, and dismissed the first count, the one brought under the Penal Code.

On September 7, 2012, after a court trial in which appellant appeared in pro per— and opted not to testify—he was found guilty of an infraction, i.e., violating the specified provision of the Petaluma Municipal Code. The court imposed a fine of $950 on appellant.

On October 4, 2012, appellant appealed to the Appellate Division of the Sonoma County Superior Court. He was then and thereafter represented by counsel. On August 7, 2013, that court affirmed the conviction. On August 22, 2013, appellant filed an Application for Certification to the Court of Appeal pursuant to California Rules of Court, rule 8.1005(b)(1), identifying two issues he contends should be transferred to the Court of Appeal "to settle important questions of law, and to secure uniformity of decision."

On September 6, 2013, that Division granted that request and certified two issues for transfer to this court. On October 2, 2013, this court ordered transfer of the case to us, pursuant to California Rules of Court, rule 8.1008(a)(1)(A), and requested further briefing.

### III. DISCUSSION

The two issues certified by the superior court on September 6, 2013, were: "1. Whether the trial court abused [its] discretion and prejudiced Appellant's substantial rights when it authorized a reduction in charges from a misdemeanor to an infraction without the Appellant's knowing and intentional waiver, without arraigning the Appellant on the amended charge, and without giving the Appellant an opportunity to resubmit a plea on the new charge; and (2) Whether [the] Appellate Division erred in presuming Appellant's waiver of his fundamental rights from a silent record."

Appellant's core position is that the result in this case infringes on "California's inviolate right to trial by jury" because of a "procedurally defective infraction arraignment and subsequent infraction trial based on the same underlying charge" that led to a hung jury in appellant's misdemeanor trial. More specifically, he contends that the trial court both failed to advise Mr. Hanania of his right to a jury trial "and otherwise failed to properly arraign him." In his reply brief, appellant sums up his principal point thusly: "Mr. Hanania asserts that the prosecution cannot deny him the constitutional protections of a misdemeanor jury trial by re-charging him with an infraction following a hung jury, without giving him the opportunity to object."

Appellant also notes that there were procedural imperfections in the record, i.e., that after the jury was dismissed, there is nothing in the record indicating that the prosecutor moved to amend its complaint or that the trial court permitted such an amendment.

We will start our analysis by quoting a clearly relevant statute: "A person charged with an infraction shall not be entitled to a trial by jury." (Pen. Code, § 19.6; see also

3

*People v. Kus* (2013) 219 Cal.App.4th Supp. 17, 21 (*Kus*).)[1]  Appellant's basic position is that this rule applies only when the *original charge* was an infraction, but not when the original charge was a misdemeanor which was, per the trial court's order, later reduced to an infraction, and when such was done—as appellant charges was the case here—without his express consent.  We disagree.

In *Kus*, three individuals were charged with being nude on a public beach in San Diego County, in violation of California Code of Regulations, title 14, section 4322, a violation punishable as a misdemeanor pursuant to Public Resources Code section 5008, subdivision (d).  Prior to their trial, the prosecution moved to reduce the misdemeanor charges to infractions, a motion the three defendants opposed, but which the trial court granted.  (*Kus, supra,* 219 Cal.App.4th Supp. at p. 20.)  After separate bench trials, all three defendants were found guilty and ordered to pay fines.  On appeal, they contended "that the reduction of their charge from misdemeanor to infraction deprived them of their right to a jury trial under article I, section 16 of the California Constitution."  (*Id.* at p. 21.)  The Appellate Division of the San Diego Superior Court disagreed, stating:  "There was no error in the trial court's reduction of appellant's misdemeanor charges to infractions, and upon this reduction, the right to a jury trial no longer existed."  (*Ibid.*)

The *Kus* court continued:  "Criminal defendants maintain a right to jury trial in all misdemeanor and felony cases, but do not have that right in cases involving infractions. An infraction is a relatively minor violation of law, which cannot result in imprisonment or loss of liberty, and as distinguished from a felony or a misdemeanor, does not result in the right of a jury trial.  [Citations.]

"Penal Code section 19.6  provides:  '*An infraction is not punishable by imprisonment. A person charged with an infraction shall not be entitled to a trial by jury.* A person charged with an infraction shall not be entitled to have the public defender or other counsel appointed at public expense to represent him or her unless he or she is

---

[1] On January 15, 2014, Chief Justice Cantil-Sakauye entered an order denying a request for depublication of the opinion in *Kus.*  (See *Kus, supra,* 219 Cal.App.4th Supp. 17.)

4

arrested and not released on his or her written promise to appear, his or her own recognizance, or a deposit of bail.' (Italics added.) Penal Code section 17 defines felonies, misdemeanors and infractions and also outlines the procedural mechanism for reducing certain misdemeanors listed in Penal Code section 19.8 to infractions. These delineated misdemeanors may be reduced when:

" '(1) The prosecutor files a complaint charging the offense as an infraction unless the defendant, at the time he or she is arraigned, after being informed of his or her rights, elects to have the case proceed as a misdemeanor, or . . .

" '(2) The court, with the consent of the defendant, determines that the offense is an infraction in which event the case shall proceed as if the defendant had been arraigned on an infraction complaint.' (Pen. Code, §17, subd. (d)(1), (2).) However, the crime at issue in these appeals is punishable under Public Resources Code section 5008, subdivision (d) and California Code of Regulations, title 14, section 4322, *not* Penal Code section 17, subdivision (d). Reviewing Penal Code section 19.8, the subject offense is not specifically listed nor is it 'any other offense that the Legislature makes subject to subdivision (d) of Section 17.' "

"The nudity offense at issue is therefore not covered by the statutory procedures outlined in subdivision (d) of section 17 of the Penal Code entitling a defendant to elect going forward on a misdemeanor (rather than an infraction) and requiring the consent of the defendant to reduce the charge to an infraction." (*Kus, supra,* 219 Cal.App.4th Supp. at pp. 21-22, fn. omitted.)

Exactly the same principle applies here; after the amendment to the complaint eliminating the Penal Code charge, the only remaining charge was a violation of the Petaluma Municipal Code, a charge then specifically labeled by the prosecution as an infraction. Such was, therefore, the only charge on which appellant was convicted. That conviction occurred after a one-day trial, at which appellant represented himself, made an opening statement to the trial court, cross-examined Officer Novello (the prosecution's only witness), told the trial court that he "does not wish to testify and wishes to proceed

5

with his closing argument" and did so, after which the trial court found him guilty of violating the charged provision of the Petaluma Municipal Code.

Exactly as with the Public Resources Code violation charged in *Kus,* the Petaluma Municipal Code violation charged here—the only violation on which appellant was tried—does not fall within the scope of either Penal Code sections 17, subdivision (d), or 19.8. Similarly to the charge in *Kus*, therefore, the only violation on which appellant was tried is "not covered by the statutory procedures outlined in subdivision (d) of section 17 of the Penal Code entitling a defendant to elect going forward on a misdemeanor (rather than an infraction) and requiring the consent of the defendant to reduce the charge to an infraction." (*Kus, supra,* 219 Cal.App.4th Supp. at p. 22.)

Indeed, the Appellate Division of the Superior Court decided the case before it substantially the same way, and did so without the benefit of *Kus*, a decision published two weeks after the Appellate Division's decision. It stated: "Appellant was convicted of a Petaluma Municipal Code Section 11.12.030 violation, as an infraction. Petaluma Municipal Code Section 1.12.020 gives the prosecuting agency discretion whether to charge any Municipal Code violation as either a misdemeanor or infraction. That code section does not confer upon a defendant the right to elevate a charged infraction to a misdemeanor. Although P.C.Sec. 17 (d) confers upon a defendant the right to elect to proceed as a misdemeanor when the People have charged an infraction, that statute only applies to the offenses specified in P.C.Sec. 19.8. The Municipal Code violation defendant was charged with is not one of the offenses specified in P.C.Sec. 19.8. As noted in *People v. Smith* (2012) 205 Cal.App.4th Supp.1, at page 4, the right to elect a misdemeanor prosecution is merely a statutory right conferred upon defendant by way of P.C.Sec. 17 (d). Appellant fails to demonstrate that appellant had a right to elect misdemeanor treatment under P.C.Sec. 17 (d) or any other statutory or constitutional basis. Since defendant lacked any statutory right to elect misdemeanor treatment, the trial court had no obligation to advise defendant of the constitutional differences between a misdemeanor and infraction proceeding. Thus, appellant's claim that the trial court committed reversible error by failing to advise him of the constitutional differences

6

between misdemeanor and infraction proceedings is without merit.  [¶] As there is no record of defendant lodging any objection to the case proceeding as an infraction, defendant fails to demonstrate that the trial court abused its discretion in allowing the charge be amended to an infraction."

Citing three appellate cases from the 1970's, appellant contends that he was entitled to elect to have a jury trial.  Appellant contends that these decisions "hold that in certain circumstances a defendant *must* be given the opportunity to elect to proceed with a more serious crime in order to preserve the right to a jury trial.  Those circumstances existed here, where Mr. Hanania initially had the protection of a complete misdemeanor jury trial, which was abruptly removed without any procedural safeguards."

One problem with this argument, as the People note in their brief to us, is that all three of the cases relied upon by appellant were decided before the enactment of subdivision (d) of Penal Code section 17 in 1980, a subdivision which specifically limited the crimes that required a defendant to consent to a reduction from a misdemeanor to an infraction.  As already noted, a provision such as the only one ultimately charged here and on which appellant was convicted, i.e., the Petaluma Municipal Code, was not included in the listed offenses.

The other problem with this argument is that it has been rejected by our Supreme Court.  In *Mitchell v. Superior Court* (1989) 49 Cal.3d 1230, 1251 (*Mitchell*), that court stated:  "We also reject petitioners' assertion that when the People have the alternative of prosecuting a single act under two statutes, one of which provides for a trial by jury (but a potentially greater penalty), and the other of which provides for no jury trial (but a lesser penalty), they must prosecute under the offense affording the right to jury trial.  Although there may be suggestive dictum to this effect in *Safer v. Superior Court, supra*, 15 Cal.3d 230, 241, we have never so held.  Neither petitioners, nor lower courts that appear to have embraced similar reasoning (e.g., *People v. Shults* (1978) 87 Cal.App.3d 101; *People v. Bowden* (1978) 86 Cal.App.3d Supp. 1, 6), offer a constitutional basis for that rule, and we decline to adopt it today."  (Fn. omitted.)"

Appellant argues that this holding in *Mitchell* cannot be relied upon for two reasons, first because that decision is distinguishable and, secondly, because the *Mitchell* decision's quoted reasoning "was not joined by a majority."

Regarding his first contention, appellant argues that the *Mitchell* appellants were making a somewhat different argument than he is making, i.e., "that the prosecution *must* proceed with the misdemeanor charge simply because it carries the right to a jury" trial. His argument is different, he contends, i.e., that he cannot be denied the "constitutional protections of a misdemeanor jury trial" by being recharged with an infraction after a jury was unable to decide the misdemeanor charge without being given "the opportunity to object." As we will note further below, there is nothing in the record establishing that appellant was not given "the opportunity to object" to the recharge of an infraction. Additionally, appellant cites two of the cases distinguished by, and the reasoning of which was specifically rejected in, *Mitchell* in support of this alleged difference between the holding in *Mitchell* and the facts before us.

Clearly more significantly, appellant also argues that the *Mitchell* decision was not "joined by a majority," because only three of the six justices sitting on that case concurred in the relevant portion of its opinion, i.e., the portion quoted above.[2] We likewise reject that analysis. First of all, all three of the justices who concurred (two of whom concurred and dissented) all referred to the opinion authored by Justice Eagleson, and concurred in by Justices Broussard and Kaufman, as the majority opinion. (See *Mitchell, supra,* 49 Cal.3d at pp. 1257-1258.) Second, the disagreements voiced by two of the other three justices, i.e., Chief Justice Lucas and Justice Panelli, clearly did not involve the statement quoted above from the majority opinion but, rather, whether or not the defendants in that case (the operators of a once-famous "adult entertainment" theatre in San Francisco) could also have received an " 'alternative sentence' " under Code of

---

[2] Justice Kennard did not participate in the case.

8

Civil Procedure sections 1209 and 1218 rather than section 11229 of the Penal Code.[3] The majority held that that could not be done, while the three concurring justices were effectively saying that it could. Thus, their views on that subject were not in the slightest either (1) contrary to the passage from the majority opinion quoted above, or (2) in any way controlling here.

Appellant next argues that when appellant was recharged with the one infraction, "the court failed to properly advise [him] of his rights, including his right to object to the reduction of charges" so that he could retain his right to a jury trial. In support of this contention, appellant's counsel cites only to page 44 of the first volume of the clerk's transcript, a page which deals with the proceedings of June 19, 2012, i.e., the date the prosecutor moved, and the trial court granted, leave to amend the complaint to change count 2, the count charging a violation of the Petaluma Municipal Code, to an infraction, and dismissed the first count, the one brought under the Penal Code.

We cannot agree that that one page of the clerk's transcript supports appellant's argument that he was unknowingly deprived of his rights. First of all, that page recites that appellant was then and there specifically advised of the new charges and allegations. Thus, under *Kus* and the other law discussed above, inasmuch as the only charge appellant was now facing was the charged infraction for violating a provision of the Petaluma Municipal Code, he did not in fact have a right to a jury trial and, therefore, no right to be so advised. Further, and as the Appellate Division specifically noted, since "there is no record of defendant lodging any objection to the case proceeding as an infraction, defendant fails to demonstrate that the trial court abused its discretion in allowing the charge to be amended to an infraction."

Penal Code section 1009 authorizes the trial court to "permit an amendment of an indictment, accusation or information, or the filing of an amended complaint . . . at any stage of the proceedings . . . ." The law is clear that a trial court's action permitting an

_____

[3] These are all statutes dealing with contempts of court, the first two civil contempt and the latter contempt that might be punished criminally, i.e., by fines and/or brief confinement in county jail.

9

amendment to a criminal complaint under that section "are matters within the sound discretion of the trial court and its ruling will not be disturbed on appeal in the absence of showing a clear abuse of discretion. [Citations.]" (*People v. George* (1980) 109 Cal.App.3d 814, 818-819; see also *People v. Arevalo-Iraheta* (2011) 193 Cal.App.4th 1574, 1581; *People v. Bolden* (1996) 44 Cal.App.4th 707, 716. Thus, our standard of review of the trial court's actions regarding the change in the charge, etc., is not, as appellant argues, de novo.

We agree with respondent that there was no showing of any abuse of discretion by the trial court here. Inasmuch as appellant had no right to a jury trial, the trial court did not need to advise him of such a right and seek either an objection to the lack of one, or a waiver.

Finally on this point, no authority cited to us by appellant, nor any that we have found, suggests that appellant had to knowingly consent to the reduction of the charge to an infraction with the consequent loss of the right to a jury trial. Indeed, as noted above, *Mitchell* supports our conclusion to the contrary. (*Mitchell, supra,* 49 Cal.3d at p. 1251.)

These are also the answers to appellant's final contention, i.e., that the failure of the trial court to properly "re-arraign" him and thereby advise him of "his lost substantial rights" resulted in his having "no opportunity to object to the reduced charges." He was thus "forced to proceed in a retrial of the infraction charge without the protection of the jury or counsel." Appellant argues that "*Kus* should . . . not control here." We do not find the holding in *Kus* to be controlling, but we do find it both applicable and persuasive.

10

## IV.  DISPOSITION

The judgment of conviction of an infraction, and the penalty imposed, are both affirmed.

_____
Haerle, Acting P.J.

We concur:


_____
Richman, J.


_____
Brick, J.*


* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11