**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARMANDO VENTURA HEREDIA,
AKA Armando Quintero,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

Respondent.

No.    15-72580

Agency No. A041-105-074

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 20, 2017
San Francisco, California

Before:  SCHROEDER and RAWLINSON, Circuit Judges, and STAFFORD,[**]
District Judge.

Armando Ventura Heredia (Ventura), a native and citizen of Mexico and

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable William H. Stafford, Jr., United States District Judge
for the Northern District of Florida, sitting by designation.

lawful permanent resident, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of an Immigration Judge's (IJ) decision finding him removable because he was convicted of two or more crimes involving moral turpitude (CIMT).

**1.** Ventura contends that California Penal Code (CPC) § 484(a) is overbroad when compared to a generic larceny offense because § 484(a) criminalizes temporary takings, and overbroad when compared to a generic fraud offense because embezzlement may occur without misrepresentation and without benefit. We have consistently held that a conviction under CPC § 484(a) is for a CIMT. *See e.g.*, *Castillo-Cruz v. Holder*, 581 F.3d 1154, 1160 (9th Cir. 2009); *Flores Juarez v. Mukasey*, 530 F.3d 1020, 1022 (9th Cir. 2008); *United States v. Esparza–Ponce*, 193 F.3d 1133, 1136 (9th Cir. 1999). Additionally, we have held that embezzlement, a crime which involves the intent to defraud, is a crime of moral turpitude. *See Delgado-Chavez v. I.N.S.*, 765 F.2d 868, 869 (9th Cir. 1985). Moreover, the California statute explicitly proscribes conduct that is fraudulent,

applying to circumstances in which a defendant "fraudulently appropriate[s] property which has been entrusted to him." Cal. Penal Code § 484(a).[1]

**2.** Ventura contends that California infractions are not "convictions" pursuant to 8 U.S.C. § 1101(a)(48)(A) because the factors articulated in *Matter of Eslamizar*, 23 I. & N. Dec. 684 (BIA 2004), render infraction proceedings non-criminal proceedings. We disagree. Infractions under California law give rise to punishment in the form of fines. *See* Cal. Penal Code § 19.8(b) ("Except in cases where a different punishment is prescribed, every offense declared to be an infraction is punishable by a fine not exceeding two hundred fifty dollars ($250)").

Additionally, a defendant charged with an infraction may elect to have the matter proceed as a misdemeanor, thereby triggering the right to a jury trial and to counsel. *See* California Penal Code § 17(d)(1); *see also People v. Smith*, 205 Cal. App. 4th Supp. 1, 4-5 (2012).

Also, unlike the Oregon classification scheme at issue in *Matter of Eslamizar*, which "define[d] crimes and violations in mutually exclusive terms," 23

---

[1] To the extent Ventura relies on *People v. Talbot*, 28 P.2d 1057 (Cal. 1934) as evidence that the California Supreme Court has held that intent in an embezzlement conviction may exist without false representations, his reliance is misplaced. Citing the text of § 484, the California Supreme Court clarified that "[f]rom these sections it clearly appears that fraudulent intent is an essential element of the offense of embezzlement." 28 P.2d at 1061.

I. & N. Dec. at 687 (citation and internal quotation marks omitted), the California

classification scheme explicitly delineates infractions as crimes. *See* California

Penal Code § 16 (entitled "Crimes; kinds" and providing that "[c]rimes and public

offenses include . . . [i]nfractions."); California Penal Code § 691(g)

("'Misdemeanor or infraction case' means a criminal action in which a

misdemeanor or infraction is charged . . . ); California Penal Code § 804(b)

("[P]rosecution for an offense is commenced" when a "complaint is filed charging

a misdemeanor or infraction"); *People v. Waxler*, 224 Cal. App. 4th 712, 715 n.1

(2014) ("An infraction, however, is still a 'crime' under Penal Code section 16.").

Finally, the burden of proof in California infraction proceedings is beyond a

reasonable doubt, *see* California Penal Code § 19.7.[2]

**3.** Ventura asserts that California's statute proscribing willful infliction of

---

[2] The Board correctly determined that Ventura's 1995 theft offense adjudicated as an infraction was a "conviction" consistent with 8 U.S.C. § 1101(a)(48)(A). However, the BIA wrongly concluded that Ventura's 2000 theft infraction was a conviction. Following the judgment against Ventura in 2000 for an infraction in violation of § 484(a), he was assessed a $30 fine which was then suspended. Because he suffered no penalty, the infraction was not properly found to be a conviction. *See Retuta v. Holder*, 591 F.3d 1181, 1188 (9th Cir. 2010). As the 1995 theft offense and the corporal injury offense are both CIMTs, the error was harmless, as only 2 convictions were required to render Ventura removable under 8 U.S.C. § 1227(a)(2)(A)(ii).

corporal injury, CPC § 273.5, does not equate to a CIMT as an assault offense because § 273.5 is a general intent crime and the level of harm includes minor injury. However, "[o]ur precedents make clear that although [CPC] § 273.5(a) is not categorically a CIMT, it is a divisible statute for which a conviction under one portion of the statute (corporal injury against a spouse) will qualify as a CIMT . . ." *Cervantes v. Holder*, 772 F.3d 583, 588 (9th Cir. 2014). Because § 273.5(a) is divisible, we apply the modified categorical approach to determine the identity of the victim, to ascertain if Ventura was convicted of spousal abuse. *See id.* The state charging document–the misdemeanor complaint–clarifies that the victim was Ventura's spouse. Therefore, Ventura's conviction under CPC § 273.5 qualifies as a CIMT. *See id.*

**4.** Ventura contends that the term CIMT is unconstitutionally vague, but the Supreme Court has long held that the term "crime involving moral turpitude" is not unconstitutionally vague. *See Jordan v. De George*, 341 U.S. 223, 232 (1951). The Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), did not reopen the inquiry into the constitutionality of the term, as *Johnson*'s holding is limited to the residual clause of the Armed Career Criminal Act. *See id.* at 2563.

**PETITION DENIED.**

5